Price *et al. vs.* Lathrop & Co. *et al.*

## PRICE *et al. vs.* LATHROP & CO. *et al.*

[HAWKINS, Justice, having been of counsel in this case, did not preside. Hon. F. M. Longley, Judge of the superior courts of the Coweta circuit, was designated by the governor to preside in his place.]

1. Where a bill is filed by the wife and children against the husband and his creditors seeking to establish a trust in favor of complainants under a marriage settlement, covering property in possession of the husband against which his creditors were proceeding, and the latter answer denying the trust, and by way of cross-bill against the complainants, the husband and others, alleging that if there were such a trust the property was nevertheless subject, because the consideration of their claims was money, goods, etc., supplied to, and suitable for, the trust estate, and praying a decree to subject the trust property, and pending the litigation the husband was adjudicated a bankrupt, and his assignee was made a party defendant in his stead.

*Held,* that such assignee was a necessary party defendant to a writ of error, sued out by complainants to the refusal of the court to order a new trial at their instance, and this though the assignee was not referred to in the verdict or decree. Not having been served with a copy of the bill of exceptions, the writ of error is dismissed.

2. Such assignee cannot be made a party plaintiff in error with complainants by an amendment to the bill of exceptions instanter, because he was not on the same side of the litigation in the court below as was the case in 62 *Ga.,* 135 and 10 *Ib.,* 1. His interest as well as his position in the court below, show him to have been antagonistic to the case made by complainants, and therefore he cannot be made a party on the same side of the litigation in this court.

Parties. Amendment. Practice in the Supreme Court. September term, 1880.

Mrs. Price, for herself and children, filed the bill referred to in the first head-note. Her husband answered admitting the allegations made. The creditors answered denying the trust and making cross-allegations, etc. The husband was adjudicated a bankrupt, and his assignee was made a party defendant in his stead, and this over the objection of complainants. The immediate object of mak-

ing him a party seems to have been to enable him to take part upon the hearing of an interlocutory application for injunction and the appointment of a receiver.    After this, so far as the record shows, he took no part whatever in the litigation.    The case was tried by submitting distinct issues of fact to the jury.    No one of the numerous issues made up referred in any way to the assignee; nor did the decree allude to him in even the most remote manner.

The jury established the trust as to a part only of the property, and found that some of the debts represented by the defendants were entitled to go against the trust estate, because based upon considerations which went for the use of the beneficiaries.    The chancellor framed an elaborate decree unnecessary here to be set forth.    The motion for a new trial made by complainants was overruled, and a bill of exceptions filed to this judgment and certified; service was perfected upon every party to the litigation except the assignee, and not upon him; because his connection with the case was so slight that it had been forgotten that he was a party.    In this court a motion was made to dismiss the writ of error because of the omission to serve him with a copy of the bill of exceptions.    This was resisted, but when it became apparent that the court was about to sustain it, counsel for plaintiffs in error moved to amend the bill of exceptions by the record, by making such assignee a party plaintiff in error, insisting that the husband, whether technically a complainant or defendant to the bill and cross-bills, was certainly, in fact, on the same side of the litigation as his wife and children, and was so alleged to be by the creditors, and that he having become *civiliter mortuus*, his assignee simply took his place and occupied precisely the same position relatively to the other parties to the litigation as did he, and that therefore the case was within the principle ruled in 10 *Ga.*, 1, and again in 62 *Ib.*, 135.

The court overruled the proposition to amend, and dis-
missed the writ of error, enunciating the principles set
forth in the head-notes.

Cross-bills of exception filed by some of the creditors
met the same fate, on motion of complainants, upon the
same ground.

· LANIER & ANDERSON; WHITTLE & WHITTLE; JACK-
SON & LUMPKIN, for plaintiffs in error.

LYON & GRESHAM; G. W. GUSTIN; BLOUNT & HAR-
DEMAN; JNO. P. FORT; R. K. HINES; HILL & HARRIS,
for defendants.