ALLEN *et al.*, by next friend, *vs.* CRAVENS *et al.*

1. On exception to a judgment of the court below all necessary parties, not merely nominal, must be served.

(*a.*) A bill having been filed by *cestui qui trusts* to annul a contract and set aside a deed made by their trustee to a third party the trustee was a necessary party, and on exception to a finding in favor of the defendants, the trustee was a necessary party to the bill of exceptions, and should have been served.

2. Where the record showed that there were more defendants than one, represented by different counsel, and service of the bill of exceptions was acknowledged by counsel who had appeared for one of them, "for the defendant," it did not amount to service except as to the one defendant.    59 *Ga.*, 666.

Practice in Supreme Court.    Before Judge FAIN.    Catoosa Superior Court.    August Term, 1881.

Reported in the decision.

JAS. H. ANDERSON ; McCUTCHEN & SHUMATE ; E. D. GRAHAM, for plaintiffs in error.

R. J. McCAMY, for defendants.

JACKSON, Chief Justice.

This is a bill filed by complainants against J. R. Cravens, Caleb Fuqua and R. W. Allen.    The complainants are the children of Allen, suing him as their trustee and the other defendants, and the intent and prayer of the bill is to annul a contract made between Cravens and Allen, the trustee, and to set aside a deed made by Allen to Cravens to a certain tract of land belonging to the trust estate.

A motion was made to dismiss the writ of error on the ground that Allen, one of the defendants, was not served with the bill of exceptions.    The point was reserved and the entire case heard ; but on a careful review of the bill of

exceptions and transcript of the record, we find it absolutely necessary to adjudicate the question whether Allen, the trustee, is a necessary party, and not such a mere nominal party as need not be served under the act of 1881. See section 5 of that act, in laws of 1881, p. 123. The verdict is for all the defendants, for Allen as well as the others.

Therefore, as Allen is not a party to this bill of exceptions, the verdict will stand as to him, though a reversal and new trial be ordered here, and when the case is sent back and comes up for trial again below, it cannot be tried again so far as he is concerned, for he already has a final, unreversed verdict and judgment or decree in his favor. Can it be tried again without him? Clearly it can not, because the very issue is his contract—was it legal or illegal. And the prayer is to set it aside as illegal. Moreover, his deed to the land is the deed which the prayer asks the court to annul. We do not see, therefore, how the case can be tried at all without him as a party; and if it can not be tried without him, and he can not be made again a party in consequence of the former final verdict and decree, a reversal of the decree and the order for a new trial would be a mere vain, unproductive thing, which a court will never do.

It follows that Allen, the trustee, is a necessary party, and should have been served.

2. Was he served? The service must appear on the bill of exceptions. 59 *Ga.*, 666. Acknowledgment of service for defendant (in the singular) will embrace but one. 57 *Ga.*, 197.

In the case now before us, the record shows for whom —for which of these defendants—service was acknowledged by the counsel who made it; because he answers for that defendant, and Allen, the trustee, appears and answers by other counsel. McCamy, the counsel who makes the acknowledgment, had no power or authority to acknowledge for Allen, and it is clear that he was not served by

v 68—37

the acknowledgment of McCamy, nor is there any other service or acknowledgment of service, as respects Allen, anywhere on the bill of exceptions.

Allen being a necessary party, and not nominal in the sense of the act of 1881, that act does not cure the failure to serve him, and the writ of error must be dismissed.