Cameron, administrator, *vs.* Sheppard *et al.*

---

CAMERON, administrator, *vs.* SHEPPARD *et al.*

A bill of exceptions set out the defendants in error as "A. W. Wheeler, C. C. Sheppard, H. Elam and others;" due and legal service was acknowledged by certain attorneys who signed as "att'ys for defts. in error;" the case was brought up by plaintiff; there were other defendants than those named:

*Held,* that the writ of error must be dismissed. The words "and others" will not suffice to set out the defendants in error; they must be named; and none but those named are defendants in error.

(*a.*) True, the bill of exceptions may be amended by the record, so as to set out the other defendants below, and they will then become defendants in error, but not until then; therefore they were not such when service was acknowledged, and the acknowledgment does not cover them.

September 25, 1883.

Practice in Supreme Court. September Term, 1883.

Reported in the decision.

J. A. ANSLEY, for plaintiff in error.

C. F. CRISP; B. B. HINTON; HAWKINS & HAWKINS, for defendants.

JACKSON, Chief Justice.

A motion was made to dismiss this case for want of service on parties defendant, as appeared by the record. The only service was this:

"Due and legal service of the signing and certifying of this bill of exceptions hereby acknowledged, and copy waived.

(Signed) C. F. CRISP,
B. B. HINTON,
HAWKINS & HAWKINS,
Att'ys for defts. in error."

In the bill of exceptions, the defendants in error are set out as A. W. Wheeler, C. C. Sheppard, H. Elam and others.

By the ruling of this court, the words "and others" will not suffice to set out the defendants in error; but they must be named therein. None but those named are defendants in error. 4 *Ga.*, 403.

True, the bill of exceptions may be amended by the record, so as to set out in the bill the other defendants below, and they will then become defendants in error here, but not until then do they become defendants in error.

So when service was acknowledged, they were not defendants in error, and therefore service was not acknowledged for them. These principles will be found sustained by the following cases, and the writ of error must be dismissed: 2 Kelly, 79, 287, 408; 4 *Ga.*, 403; 8 Peters, 526; 10 Wallace, 416, 582; 20 *Ib.*, 152; 11 Wheaton, 414; 3 Dana, 454.

Writ of error dismissed.