BAKER *et al.* administrators, *vs.* THOMPSON *et al.*

Bill for direction and to marshal assets, filed by administrators (who were themselves creditors) against other creditors of the estate. Auditor's report settling priority of creditors excepted to by the administrators. Exceptions as to one of the creditors tried, and verdict in favor of the report. Decree rendered as to all the creditors and the whole fund. Motion by the administrators for a new trial, and the motion overruled. Writ of error sued out by the administrators; some of the creditors served with the bill of exceptions and some not:

*Held,* that all whose claims were allowed were interested in upholding the decree, and were therefore necessary parties in the Supreme Court; and because some of these were not served, writ of error dismissed.

March 30, 1887.

Practice in Supreme Court.

Reported in the decision.

TUTT & LOCKHART; J. A. HARLEY; E. P. DAVIS, for plaintiffs in error.

JAMES WHITEHEAD, for defendants

BLECKLEY, Chief Justice.

The administrators filed a bill for direction and to marshal assets. To that bill a great number of creditors were parties defendant. The administrators were interested personally, they being creditors as well as representatives of the estate. The litigation was referred to an auditor, who made a report. That report settled the priorities of all the creditors, save one. The report was excepted to by the administrators, with regard to the standing of three of

the creditors; the exception as to one was sustained, the exception as to another was abandoned, and the exception as to the third was tried and a verdict rendered in favor of the report. Upon this verdict a decree as to all the creditors and the whole fund was rendered. That decree is final, unless it should be disturbed by the judgment on the present writ of error. The administrators made a motion for a new trial, and it was overruled. On that they sued out a writ of error, and have served a portion of the defendants to the original bill, including the creditor whose claim was contested before the jury, and a portion they have not served. Amongst those not served are some whose debts were recognized and their priority established, some who are embraced in the auditor's report, and who take an interest under that report and the decree.

The general rule that all parties below must be made parties here, is sought to be evaded on the theory that those not served are not interested in what is now going on, but it seems to us that they are vitally interested. They have a decree in their favor below; and if this writ of error prevails, that decree will be opened. They have a judgment settling their status; with that they seem to be content. The suggestion that their interest is on the side of the plaintiffs in error, makes the plaintiffs in error judge of their interest, instead of leaving them to judge of it themselves. They must have thought that their interest was to abide by the decree; because they have not excepted to it. It will undoubtedly change their status for this decree to be opened; it will deprive them of the benefit of the decree, involve them in further litigation or in its consequences, and delay them in collecting their dues until that litigation is determined. The difference is between allowing them to abide by a judgment with which they are content, and destroying that judgment. If this writ of error does not result in affecting that judgment, of course it will be a fruitless writ of error; the effort is to open the decree and set the case adrift in the court below;

and that being so, they are entitled to be heard. It is to be presumed that their interest is on the side of the case on which they were originally, and on which they have kept themselves throughout. They have filed no cross-bill, so as to become complainants; the presumption is that their interest is as they are aligned in the record; and that presumption prevails until they are brought here and elect for themselves to follow some interest that does not appertain to that side of the case. They ought to be here to follow their interest, whichever side it may be upon. *McNulty vs. Pruden*, 62 *Ga.* 135.

The act of 1880 (addenda to the code, page 9, §4272(h) ) does not dispense with any party who is interested in sustaining the judgment of the court below. As to every such party, the act leaves the prior law untouched.

The motion to dismiss the writ of error is granted.

Writ of error dismissed.