JONES *et ux.* *v.* HURST *et al.*

1. Where a petition is filed against several defendants, and a separate demurrer thereto by one or more of them is overruled, the remaining defendants need not be made parties to, or be served with a copy of, a bill of exceptions assigning as error the overruling of the demurrer mentioned.

2. An equitable petition filed by a sheriff against a number of defendants, one of whom had purchased land sold by the sheriff at public sale, praying for a rescission of such sale but containing no allegations showing that the sheriff had any right to or interest in the rescission prayed for, is not aided by the fact that a codefendant of such purchaser, in an answer in the nature of a cross-bill, set up allegations which, had they been contained in the petition, would have entitled the sheriff to the relief prayed for. The petition itself, containing no allegations which would entitle the sheriff to relief, should have been dismissed on demurrer thereto by the purchaser.

3. Where a demurrer to an equitable petition, for want of a cause of action, was overruled in vacation, and at the next term an amendment was made to the petition which did not relieve it of the objections raised by the demurrer, and the case was then tried on the merits, resulting in a verdict against the defendants filing the demurrer, who thereupon made a motion for a new trial, pending action upon which a bill of exceptions to the overruling of the demurrer was sued out and transmitted to this court, after which the motion for a new trial was denied, and the same defendants sued out and brought to this court another bill of exceptions, referring therein to the one previously filed and assigning as error the refusal of a new trial, the first bill of exceptions being meritorious, the second was unnecessary. Inasmuch as the petition ought to have been dismissed on demurrer, and the error committed in refusing to do so not having been cured by the amendment subsequently made, the trial was a nullity, and the judgment resulting therefrom in behalf of the plaintiff would be vacated by reversing the judgment rendered by the court below in overruling the demurrer. The second writ of error is therefore dismissed, with direction that such dismissal shall not operate to affirm the judgment of the court below on the trial on the merits, but that all parties shall stand as they would have stood had the judgment complained of in the first bill of exceptions been the reverse of what in fact it was, save that the plaintiff in the court below may, at or before the time when the *remittitur* in this case is made the judgment of the court below, amend his petition, with, of course, the right to

all parties to amend then or subsequently, according to the general law.

March 20, 1893. Argued at the last term.

Before Judge RONEY. Burke superior court. May term, 1892.

P. P. JOHNSTON, for plaintiffs in error.

LAWSON, CALLAWAY & SCALES, J. S. & W. T. DAVIDSON and W. E. SIMMONS, *contra.*

LUMPKIN, Justice.

1. The question of practice ruled in the first headnote has heretofore been definitely settled by this court. *McGaughey Bros.* v. *Latham*, 63 *Ga.* 67; *Mechanics & Traders Bank* v. *Harrison*, 68 *Ga.* 463; and see *Jordan* v. *Gaulden*, 73 *Ga.* 191.

2. Two separate cases in this court arose from one case disposed of by the superior court of Burke county. The facts involved are numerous and complicated, but we will endeavor to set forth only such of them as are material to an understanding of the rulings herein made.

Hurst, the sheriff of Burke county, had in his hands for collection a mortgage *fi. fa.* in favor of Franklin against Jones. There was also a common law *fi. fa.* against Jones in favor of the New England Mortgage Security Company. The sheriff was directed by the attorneys of Franklin to levy upon and sell the mortgaged property, the same being a tract of land. He accordingly made the levy, and advertised the sale for the first Tuesday in February, 1891. Subsequently, but before the day of sale arrived, he received instructions from Franklin's attorneys not to proceed with the sale, but, either overlooking or disregarding these instructions, he proceeded to sell the land on the day named. It was bid off for a trifling sum by Jones, who claimed that he purchased as agent for his wife. The money was paid to the sheriff, and he made and delivered to Mrs. Jones a deed to the land. Afterwards the sheriff

filed a petition against Jones and wife, Franklin, and the New England Mortgage Security Company (the last named defendant being made a party for reasons not now necessary to be stated), the main purpose of which petition was to set aside the sale of the land to Mrs. Jones. Without undertaking to set forth the contents of this petition, it is sufficient for the present purpose to remark that it contained allegations which, if true, would be sufficient to set aside the sale at the instance of the sheriff if he had gone further and shown he had any right to or interest in the rescission prayed for. His petition, however, was entirely wanting in this respect. He intentionally, and it would seem deliberately, failed to allege that he received and violated the order of Franklin's attorneys to postpone the sale, and the petition, taken all together, amounts to a denial by the sheriff that he had placed himself in a position of liability to Franklin by permitting the land to be sacrificed in the manner stated. Franklin and the Security Company filed answers in the nature of cross-bills, and being interested in having the sale set aside, they made in these cross-bills numerous allegations some of which would, if true, have entitled the sheriff to the relief sought by him, had the same been set forth in his own petition. But in our opinion, the cross-bills cannot be invoked to aid the sheriff's petition, and give it a standing in court which it did not otherwise have. He was the sole plaintiff in the action as originally filed; all the other parties named were defendants; and no matter what may have been alleged by two of them, his petition, as against Jones and wife who demurred to it for want of sufficiency, should stand or fall on its own merits. Although he had made Franklin and the Security Company defendants, his main purpose in bringing his action was to set aside the sale which he himself had made. Jones and wife rightly took the position

that he had alleged nothing which would give him the right to disturb or interfere with the sale, and having filed a demurrer to his petition on this ground, were entitled, so far as the sheriff was concerned, to defeat the action. The fact that their codefendants made allegations which the sheriff might have made, and which, if he had done so, would have relieved his petition of the objections raised by the demurrer, presents no reason for denying to Jones and wife, as against the sheriff, the full benefit of a demurrer which was meritorious, and which was presented at the proper time. Certainly, in litigation of this kind, the sheriff ought to be required to take care of himself; and no rule of law or practice of which we are aware would entitle him to have his sins of omission cured by the diligence or sympathy of other parties who were, for reasons of his own, made defendants to his action. If he had shown he was in any way injured or damaged by the sale he had improperly made, or that in consequence thereof he had become subjected to liability, his petition would have had merit, the other allegations contained therein being sufficient, if proved, to show that the sale ought not to stand. His failure to make the needful allegations above indicated, entitled Jones and wife to a dismissal of his action on demurrer. The court, however, overruled the demurrer, and, as was their right, they filed their bill of exceptions and brought this decision to this court for review and correction. It is our duty to correct the error complained of, and to do so requires a reversal of the judgment of the court below upon the bill of exceptions just mentioned.

3. The judgment overruling the demurrer was rendered in vacation. Shortly thereafter, at the next term of Burke superior court, the sheriff filed certain amendments to his petition, only one of which need be noticed. In it he alleged, in substance, that since the filing of his

petition, it had been determined that he was liable in
law for the amount of the mortgage judgment of
Franklin. We think this amendment too vague and
indefinite to supply the defect in the petition already
discussed. It fails to state how, by whom, or for what
reason, it had been determined that he was liable to
Franklin, and it does not declare that his liability ex-
isted when his petition was originally filed. On the
contrary, the amendment seems to mean that this lia-
bility originated after his action was brought. Liability
in the respect indicated being the *gravamen* of his
action, it ought to appear distinctly and beyond ques-
tion that it existed before he began suit; and moreover,
the amendment should have fully stated the facts relied
upon to show liability, in order that the court might be
enabled to pass upon their legal sufficiency.

After this amendment was filed, the case was tried
on the merits, and resulted in a verdict against Jones
and wife, finding that the sale by the sheriff be set
aside, and judgment was entered accordingly. No other
issue in the entire case was settled by the verdict and
judgment. Jones and wife then made a motion for a
new trial on numerous grounds, pending action upon
which they sued out the bill of exceptions already dis-
posed of and upon which we have reversed the judg-
ment of the court below overruling their demurrer.
After that bill of exceptions had been transmitted to
this court, their motion for a new trial was overruled,
and they thereupon sued out another writ of error to
this court complaining of the judgment refusing a new
trial, and referring therein to the one previously filed.
In our judgment, the last bill of exceptions should be
dismissed, and consequently, the questions presented by
the grounds of the motion for a new trial are not prop-
erly before us for consideration. As already seen, the
demurrer filed by Jones and wife ought to have been

sustained and the petition of the sheriff dismissed. This being so, there was no necessity for their filing another bill of exceptions. The reversal of the judgment overruling their demurrer was all they needed, and having a good writ of error for this purpose, a favorable decision upon which would set aside the judgment against them on the merits, there was no occasion for another bill of exceptions which could accomplish no more. As to the plaintiff Hurst, while of course he could not, when the trial took place, foresee that the judgment overruling the demurrer would be directly brought to this court, or if so, could not absolutely know what the judgment of this court thereon would be, he nevertheless proceeded to trial at his peril. He took the chances of a bill of exceptions being sued out to the overruling of the demurrer and the judgment thereon being reversed, and ran the risk of the consequences. If that judgment had been affirmed, he would have gained all the ground he had passed over in trying the case on the merits; but as it was reversed, he must lose any and all advantage which otherwise would have been his. This view is sustained by the decision of this court in *Jordan, adm'x*, v. *Jordan et al.*, 16 *Ga.* 446, and the ruling then made upon this question has been followed in later cases. It is furthermore worthy of notice in this connection that the sheriff himself, though pressing the case to trial before the fate of the judgment overruling the demurrer had been settled, seems not to have been entirely satisfied with his petition, and endeavored by the amendment already mentioned to improve it. In this, however, he failed, as the amendment added little or no value to the petition as it originally stood. The trial, having proceeded to its termination upon a petition insufficient to support the verdict and judgment, was a mere nullity, this conclusion being a necessary consequence of the reversal by this court of the judgment

complained of in the first bill of exceptions, and it follows that all proceedings had in the case subsequent to the overruling by the court of the demurrer were nugatory and of no avail, and consequently there is no occasion for any consideration by this court of errors alleged to have been committed in the later stages of the case. None of the parties gained anything by the trial on the merits, nor lost anything except valuable time and misspent energy and labor.

It results from the view we entertain of these cases, which were argued and have been considered together, that the parties should stand in the court below exactly as they would have stood had the judge in the first instance sustained the demurrer. If he had announced a purpose to do so, the plaintiff could, and doubtless would have been allowed an opportunity to then amend his petition. In order that no misunderstanding may arise in the further progress of this litigation, however, we have directed that this right be still preserved to him. Of course, upon the next trial of the cause, all parties will have the right, if they so desire, to make such amendments as are authorized by law.

*Judgment in the first case affirmed.*
*Writ of error in the second case dismissed.*