## Jones *et ux. v.* Hurst *et al.*

1. The amendments to the sheriff's petition were properly allowed; there was enough to amend by; the amendments were germane, and they did not set up a new and distinct cause of action. If, at the last trial, any question as to these matters could otherwise have arisen, the direction given by this court in this case when it was here before, put the right to amend beyond question, and the propriety of allowing the amendments offered was therefore free from doubt.
2. There was no error in overruling the demurrer to the petition as amended; the verdict was in exact accord with the substantial justice of the case; and there was no error requiring a new trial. January 14, 1895.

Equitable petition. Before Judge Roney. Burke superior court. May term, 1894.

Johnston & Brinson, for plaintiffs in error.

E. H. Callaway, J. S. & W. T. Davidson and W. E. Simmons, *contra.*

Lumpkin, Justice.

This case was before this court at the March term, 1893. See 91 *Ga.* 338. The judgment of the lower court in overruling the demurrer filed by Jones and wife

to the petition of Hurst, the sheriff, was then reversed,* with direction that the latter be permitted to amend as indicated in the opinion which appears in the volume above cited. Amendments were made and the case tried again, resulting in a verdict setting aside the sheriff's deed to Mrs. Jones; and the case is brought here again by Jones and wife, who seek to reverse a judgment refusing a new trial.

The only question of any consequence now presented is, whether or not the trial judge ought to have allowed the amendments in question, over objections alleging that the original petition of the sheriff contained nothing to amend by, and that the offered amendments were not germane, but sought to introduce a new and distinct cause of action. We think the court was right in allowing the amendments. The original petition of the sheriff contained allegations amply sufficient to authorize setting aside the sale made by him to Mrs. Jones. The defect of the petition was, that he failed to allege any reason why he himself had any right to ask that it be set aside. He did not, however, distinctly deny that he had received and violated the order which had been sent to him to postpone the sale, which fact, had it been stated in his petition, would have shown that he had become subject to liability, and therefore had a right to attack the sale. He simply failed to allege enough, and, as stated in the former opinion, was intentionally and deliberately guilty of suppressing the facts concerning his own failure of duty. We are still of the opinion that his liability in the respect indicated was the gravamen of the sheriff's right of action; and as he had alleged in his petition everything else substantially necessary, we thought, and we still think, he should be permitted to make the additional averment essential to complete his cause of action.

---

*On page 344 of 91 *Ga.*, the word *affirmed* should be *reversed*, as appears by the context of the opinion. It was printed as written in the original manuscript opinion, the mistake having escaped the reporters. (Rep.)

The expression used by the writer on page 341 of 91st *Ga.*, "that he alleged nothing which would give him the right to disturb or interfere with the sale," does not mean that he had alleged nothing showing that the sale ought to be set aside, but simply that the sheriff had failed to allege facts showing a right on his part to attack it.

If, however, at the last trial, any doubt as to the propriety of allowing the amendments could otherwise have existed, it was removed by the direction this court had already given in the case. We said: "In order that no misunderstanding may arise in the further progress of this litigation, however, we have directed that this right [to amend his petition as indicated] be still preserved to him," meaning, of course, the sheriff. We thought the record disclosed good reasons for giving this direction, notwithstanding the evasions in the sheriff's petition. Under section 4284 of the code, we had undoubted authority to give this direction; and even if the trial judge were of the opinion that the amendments were not allowable under the strict rules of practice, he was nevertheless right in obeying the direction given by this court.

We do not care to again go over the facts of this complicated litigation. We are abundantly satisfied that the verdict was in exact accord with the substantial justice of the case; and, except as above indicated, no question is now presented for adjudication requiring further notice.          *Judgment affirmed.*