## DAVIS et al. v. PEEL et al.

*Simmons, C. J.*—Where the trial of a case in which two persons were plaintiffs, and a corporation and its creditors were defendants, resulted in a verdict and decree, giving to certain of the creditors special liens on the property of the corporation, and the plaintiffs made a motion for a new trial, to the overruling of which they excepted, but failed to serve with the bill of exceptions one of the parties who obtained a special lien by virtue of the verdict and decree, though that party was named in the bill of exceptions as a party defendant, a motion to dismiss the writ of error for want of service on such defendant will be sustained, he being an indispensable party.

*Writ of error dismissed.*

July 8, 1895. Lumpkin, J., heard the argument, but declined to participate in deciding this case, because of relationship to one of the parties.

*John A. Wimpy,* for plaintiffs in error.

*George Hillyer, Porter King* and *C. A. Read,* contra.

---

## THORNTON, adm'r, v. MANCHESTER INVESTMENT COMPANY.

*Lumpkin, J.*—This court will not entertain a writ of error sued out to a judgment refusing to enjoin a sale of land, when it appears from an affidavit of counsel for defendant in error, not denied by counsel for plaintiff in error, that no *supersedeas* of the judgment below was obtained, and that the sale sought to be enjoined has actually taken place. See *Atlanta & Florida R. R. Co.* v. *Blanton,* 80 *Ga.* 563.          *Writ of error dismissed.*

August 12, 1895.

*W. I. Heyward* and *Garrett & Neufville,* for plaintiff.

*W. R. Hammond,* for defendant.