98  260
104  647
98  260
111  557

## CAPERS, trustee, *v.* KIRKPATRICK *et al.*

Where a trustee filed an equitable petition against several designated persons as *cestuis que trust* under a will, some of them being contingent remaindermen with interests more or less remote, praying that he be allowed to resign the trust, that a suitable person be appointed his successor, and that after an accounting and settlement with such successor the petitioner be relieved of and fully discharged from the trust; and where, after the case had been referred to a master under an order consented to by all parties, in which it was recited that upon the filing of the master's report the judge should appoint a successor to the petitioner, to whom the latter, upon receiving notice of the appointment, should without delay turn over the trust estate, there was a verdict finding that the petitioner was liable in an amount stated and recommending his discharge as trustee upon his paying the same to the person who had been appointed such successor, or, in the event of non-payment, that its collection be enforced by execution, the petitioner could not properly bring the case to this court for review by a bill of exceptions without serving all the *cestuis que trust* who were parties to the original petition. These persons, though they may not have been necessary parties in the court below, were proper parties defendant; and the petitioner, having elected to litigate with them as such in that court, cannot dispense with their presence in this court, notwithstanding their interests in the subject-matter may be only contingent.

March 30, 1896.  Argued at the last term.

Motion to dismiss writ of error.

*Thaddeus Oakman* and *Salem Dutcher*, for plaintiff.
*F. H. Miller*, *M. P. Foster* and *W. H. Fleming*, contra.

SIMMONS, Chief Justice.

When this case was reached in its order in this court, the defendants in error moved to dismiss it on the ground that some of the parties in whose favor the judgment complained of was rendered were not made parties to the bill of exceptions. It appears from the record, that the plaintiff in error, who was trustee under the will of A. P. Robertson, filed a petition in which he prayed that he be allowed to resign the trust, that a suitable person be appointed his suc-

cessor, and that after an accounting and settlement with such successor the petitioner be relieved of and fully discharged from the trust. The *cestuis que trust* who were made parties defendant to the petition were Mary A. Kirkpatrick, the life-tenant, Mary A. McBee, *nee* Kirkpatrick, the first remainderman, and the children of William H. Robertson, who were contingent remaindermen. They were all served, either personally or by publication. The case was referred to a master, under an order consented to by all parties, in which it was recited that upon the filing of the master's report the judge should appoint a successor to the plaintiff, to whom the latter, upon receiving notice of the appointment, should without delay turn over the trust estate. The master reported, and various exceptions were filed to his report. The court, after hearing the exceptions, approved the report, except as to certain parts stricken therefrom; and a verdict was accordingly taken, by which the jury found that the plaintiff was liable in an amount stated, and recommended his discharge upon his paying the same to the person who had been appointed his successor, or, in the event of non-payment, that its collection be enforced by execution. The court rendered a decree in accordance with the verdict, and appointed a successor to the plaintiff as trustee. The plaintiff excepted thereto, but no service of the bill of exceptions was made upon any of the parties defendant except Mrs. Kirkpatrick and Mrs McBee. In resisting the motion to dismiss, the able counsel for the plaintiff in error contended that the real parties in interest were before the court, and that the interests of the contingent remaindermen who were not served were so remote that they were not necessary parties here. It may be true that these remaindermen were not necessary parties in the court below; still, they were proper parties, and the plaintiff having elected to make them parties and litigate with them as such, and a verdict and decree having been rendered in their favor, they are necessary parties in this court, not-

withstanding their interests in the subject-matter may be only contingent. The rule is that all parties to the judgment sought to be set aside must be made parties in this court. This is necessary in order that any judgment that this court may pronounce may be binding upon all parties to the litigation. See, on this subject: *Baker* v. *Thompson*, 78 *Ga.* 742, 743; *Allen* v. *Craven*, 68 *Ga.* 554; *Davis* v. *Peel*, 97 *Ga.* 342.        *Writ of error dismissed.*