INMAN, SMITH & COMPANY *et al.* *v.* ESTES *et al.*
INMAN, SMITH & COMPANY *v.* ESTES *et al.*

1. If, pending a motion for a new trial, the movant therein files and brings to this court a bill of exceptions alleging that the judgment complained of in such motion was erroneous because the same did not conform to the verdict, the writ of error thus sued out will be dismissed as premature.

2. Persons who, as parties to a motion for a new trial, are interested in sustaining the judgment complained of therein, are essential parties to a bill of exceptions assigning error upon the overruling of such motion; and if such parties are not duly served, the writ of error will be dismissed.

3. Where a bill of exceptions designates as defendants in error a named person "et al.," and service thereof is acknowledged by attorneys at law who sign as counsel for the "deft. in error," such acknowledgment covers only the person specifically named, and will not be held as an acknowledgment of service for any other person.

Argued April 28, — Decided May 27, 1898.

Motion to dismiss writ of error.

*Goetchius & Chappell* and *Dasher, Park & Gerdine,* for plaintiffs. *Brannon, Hatcher & Martin, Persons & Son* and *J. H. McGehee,* for defendants.

LUMPKIN, P. J. In November, 1896, an equitable petition was filed by Inman, Smith & Co., and another by Waxelbaum & Co. and others against George H. Estes and the People's Bank of Talbotton. Subsequently the following order was passed: "By consent of all parties, it is ordered that the two above-stated cases now pending be consolidated and become one case, and that all parties now or hereafter made to either of said cases become and are parties to both, and that said causes proceed to final hearing and disposition as one case." Afterwards Findley Greene was made a party defendant, and the case was submitted to a jury, who in response to questions propounded by the court made special findings of the facts at issue. Upon this verdict a judgment adverse to the plaintiffs was entered. They filed a motion for a new trial, and, while the same was pending and undisposed of, brought to this court a bill of exceptions alleging that the judgment entered as above stated was erroneous because the same did not conform to the verdict. Thereafter the motion for a new trial was heard and

overruled, and the plaintiffs sued out and brought to this court a second bill of exceptions, alleging that the court erred in refusing to grant a new trial. It is proper to state here that the People's Bank of Talbotton and Findley Greene were directly interested in sustaining the judgment entered by the court. Separate motions were made here to dismiss these writs of error. The main ground of each motion was that the plaintiffs in error had failed to make parties defendant in error, or serve, the Bank and Greene. In our judgment, both motions were well taken, and there is an additional ground which prevents this court from considering the first bill of exceptions, viz.: it was prematurely sued out.

In the case of *Anderson* v. *Green*, which was first here at the January term, 1872, it appeared that a verdict in favor of the complainant had been returned, and that the defendant had filed a motion for a new trial. Upon this verdict the court entered a decree with which Anderson, the complainant, was dissatisfied, and he sued out a bill of exceptions alleging that the decree was erroneous because it did not conform to the verdict. The writ of error was dismissed by this court on the ground that it was prematurely sued out, because the case was still pending in the court below, no disposition having been made of the defendant's motion for a new trial. The above-recited action by this court is shown by its minutes, though no opinion was filed or official report made at the time. The facts relating thereto, however, are stated in 46 *Ga.* 361, when the same case came back to this court upon a bill of exceptions sued out after a final disposition of the case in the court below. The point ruled in the case just cited has a direct bearing upon the question now under consideration, and sustains our conclusion that the first bill of exceptions sued out by the plaintiffs below was premature and should be dismissed. It will be observed that a decision of the point made in this bill of exceptions would not have the effect of finally disposing of the case so long as the plaintiffs' motion for a new trial remained undetermined and the court below retained its jurisdiction over the controversy. And see, in this connection, *Herz* v. *Claflin Co.*, 101 *Ga.* 615; also, *Herz* v. *Frank & Adler*, this day decided, ante, 638.

...

The second bill of exceptions sued out in the present case designated the defendants in error as "George H. Estes et al." The effect of such a loose statement is merely to make the person definitely named a party defendant. The acknowledgment of service appearing upon the bill of exceptions is signed by counsel as "attys. for deft. in error." This acknowledgment, therefore, is to be treated as relating to Estes alone. The Bank and Greene, being interested in sustaining the judgment excepted to, were essential parties to the bill of exceptions and ought to have been served. *Curey* v. *Hitch,* 57 *Ga.* 197; *Allen* v. *Cravens,* 68 *Ga.* 554; *Cameron* v. *Sheppard,* 71 *Ga.* 781; *Baker* v. *Thompson,* 78 *Ga.* 742; *Davis* v. *Peel,* 97 *Ga.* 342; *Hunter* v. *Wakefield,* Ibid. 543; *Capers* v. *Kirkpatrick,* 98 *Ga.* 260.

*Writ of error in each case dismissed. All concurring.*