## HODNETT *et al. v.* DOUGLASS *et al.*

Persons who as parties to a motion for a new trial are interested in sustaining the judgment complained of therein, are essential parties to a bill of exceptions assigning error upon the overruling of such motion; and if such parties are not duly served, the writ of error will be dismissed.

Argued January 24,—Decided February 19, 1906.
Rehearing denied March 1, 1906.

Motion to dismiss the writ of error.

*W. F. Brown* and *W. C. Hodnett,* for plaintiffs.

*S. Holderness, W. C. Wright,* and *S. W. Harris,* for defendants.

FISH, C. J. W. C. Hodnett, W. F. Strickland, E. M. Allen, Richard George et al. filed their equitable petition, in the superior court of Carroll county, against J. W. Douglass, H. C. Rabun, Mrs. E. L. Rabun, J. T. Libby, J. H. Teare, and C. H. Simpson, for an accounting, cancellation of deeds, injunction and a receiver,

and for general relief. C. H. Simpson was the only one of the defendants who filed an answer. The case coming on to be heard at the October term, 1899, counsel agreed that the controlling issue in the case was as to the validity of a certain judgment in attachment, previously rendered in the city court of Carroll county, in favor of J. W. Douglass against the Boston and Kennesaw Mining Company, a foreign corporation. After hearing evidence on this issue, the court directed a verdict finding such judgment to be void. Thereupon the plaintiffs made a motion for a new trial, all of the defendants in the case being named as respondents in such motion. On October 31, 1899, service of the original motion was acknowledged by "S. Holderness, attorney for respondents, C. H. Simpson, J. W. Douglass, and Mrs. H. C. Rabun." On November 23, 1899, an agreement was entered into, which, after a statement of the case, in which the names of all the plaintiffs were set out as movants, and the names of all the defendants as respondents, was as follows: "We, the counsel for the parties in the above-stated case, having agreed to settle said case, hereby agree to continue said motion until the April term, 1900, of Carroll superior court. And we further agree that the rights and status of the parties remain as they now are, and that the motion for a new trial be had during the April term, 1900, of Carroll superior court, in the event that the case is not settled. W. C. Hodnett, Atty. for Movants. S. Holderness, Atty. for Respondents." On December 4, 1899, during the October adjourned term of the court, the following order was granted: "The continuance in the above-stated case is hereby granted as agreed upon by counsel. It is ordered and adjudged by the court that the movants have until the hearing of said motion to amend the motion for a new trial, and file a brief of the evidence, without prejudice. It is further ordered and adjudged by the court, that H. C. Rabun, who has been too sick to be served, be served with a copy of the motion for a new trial, and a copy of the order or rule nisi thereon; and that the non-resident respondents, J. F. Libby and J. H. Teare, who were represented on the trial of said case by atty. S. Holderness, be served by serving a copy of the motion for a new trial and a copy of the order or rule nisi thereon on said atty. S. Holderness, if he still represents them. If not, let them be served by publication." The following entry of service was made by the deputy sheriff, March 16, 1900: "I have this day served a

copy of the within motion for a new trial, and a copy. of the rule nisi, and a copy of the order giving time in which to make out and file a brief of evidence, and a copy of the agreement to continue the case, and a copy of the order continuing the case, personally on S. Holderness, the attorney of record for J. H. Libby and J. H. Teare, as provided by the 2d rule in equity as set out in section 5693 of the Code of 1895, said attorney having represented the defendants on the trial of said case." The following entry of service by the sheriff appears, as of date March 17, 1900: "I have this day served a copy of the within motion for a new trial, and a copy of the rule nisi, and a copy of the order giving time in which to make out and file a brief of evidence, and a copy of the agreement to continue the case, and a copy of the order continuing the case, personally on H. C. Rabun." On January 25, 1904, the following agreement was entered into: "We agree to continue the motion for a new trial in the case of W. C. Hodnett et al. against J. W. Douglass et al. from the 2d day of Feb., 1904, until the 8th day of Feb., 1904, to be heard at Carrollton, Ga., instead of at LaGrange, Ga. W. C. Hodnett, Movants' Atty. Agreed to without prejudice. S. Holderness, Respondent's Atty." The motion for a new trial was heard November 21, 1904, and overruled January 14, 1905. Movants filed a bill of exceptions, in which all of the respondents in the motion were named as defendants in error. The following entry was made upon the bill of exceptions: "I have this day served personally on S. Holderness of Carrollton, Ga., the attorney of record for the defendants in error, a copy of the within bill of exceptions and writ of error. This 15th day of February, 1905. A. D. Hagan, Dept. Sheriff."

Upon the call of the case in this court, counsel for defendants in error moved to dismiss the writ of error, on the ground that the record shows that no proper service of the bill of exceptions was made as to H. C. Rabun, Emma L. Rabun, J. F. Libby, and J. H. Teare, defendants in error, "the record disclosing that the only service had in said case was made by the sheriff serving a copy of the original bill of exceptions on S. Holderness as of counsel of record for the defendants in error, the record in said case, together with the bill of exceptions, showing that said S. Holderness was not of counsel for the above-named parties." The record fails to show that either of the above-named persons filed an answer or

other pleading in the court below, and further fails to disclose that either of them, or S. Holderness, did any act indicating that Holderness was counsel for either of them, save the acknowledgment of service of the original motion for a new trial, which he signed as attorney for "Mrs. H. C. Rabun." The record shows Mrs. Emma L. Rabun to be the wife of H. C. Rabun, and therefore we think it sufficiently appears that S. Holderness was her counsel. Does the record show that Holderness was not the attorney of record for Libby, Teare, and H. C. Rabun, so that service upon him of the bill of exceptions, as attorney of record for respondents, by the deputy sheriff, would not be effective as service upon them? Or does it show that he was not attorney of record for one of them, which would render the service made upon him by the deputy sheriff of no effect as to such person? As, in our opinion, relief of a substantial nature was prayed against each of them, it was necessary that the bill of exceptions should be served upon all of them. As we have seen, Holderness acknowledged service of the original motion for a new trial for only three of the respondents, Simpson, Douglass, and Mrs. Rabun. Subsequently, November 23, 1899, he signed an agreement as "Atty. for Respondents," the agreement being written under a caption in which the names of all the respondents were set out, and in this agreement was the statement, "We, the counsel for the parties in the above-stated case, having agreed to settle" the same, agree to continue the motion, "the rights and status of the parties [to] remain the same as they now are." The mere fact that Holderness signed this agreement as "Atty. for Respondents," is not, in our opinion, sufficient to show that he then represented any other respondents than the three for whom he had already acknowledged service. It seems clear that it was not then considered that he represented Libby, Teare, and H. C. Rabun, as an order was taken a few days thereafter, December 4, 1899, providing that they be served with the motion, the order reciting that Holderness had represented Libby and Teare on the trial of the case, and providing that they be served by serving him, if he still represented them, but if not, then they should be served by publication. The taking of this order is inconsistent with the idea that Holderness on November 23, 1899, being then the attorney representing Libby, Teare, and H. C. Rabun, had, as such, signed the agreement for a continuance of the motion for them. This

order, in so far as it provided for service upon Libby and Teare by serving Holderness as their counsel, was conditioned upon the ascertainment by the movants, or the officer making the service, of the fact that Holderness still represented Libby and Teare. There is nothing whatever in the record which even indicates that Holderness ever represented Teare or Libby, except this recital in the order of December 4, 1899, continuing the motion for a new trial and ordering service thereof to be perfected upon them and H. C. Rabun. And, save this recital, there is nothing which even indicates that Teare ever became a party defendant to the case, as there is neither entry of service nor acknowledgment of service of the original petition as to him, and he filed no answer or other pleading in the case. If he was not a party, then of course there was no necessity to serve him with the bill of exceptions. If this mere recital in the above-mentioned order can be considered as sufficient record evidence that Teare had made himself a party to the case, and that Holderness was attorney of record for him, then it seems, from the decisions of this court which we will presently cite, that service of the bill of exceptions upon Holderness, as attorney of record for the respondents, would be sufficient service thereof as to Teare. There is in the record an entry by the sheriff of service of the original petition upon Libby, by leaving a copy of the same at his most notorious place of abode. He appears then to have been a party defendant to the case; and as substantial relief was prayed against him, it was necessary to perfect service of the bill of exceptions upon him. There is no record evidence of any answer or plea filed by him through Holderness as his attorney, or otherwise. Whether service of the bill of exceptions upon Holderness as attorney of record for respondents was good as a service thereof upon Libby depends, as in the case of Teare, upon whether the mere recital in an order by the judge continuing the motion for a new trial and ordering service of the motion upon named parties, that Holderness represented Libby in the trial of the case, is sufficient evidence that Holderness was attorney of record for Libby. Presumably this order, continuing the motion for a new trial, and directing service of the motion to be made on H. C. Rabun, Libby, and Teare, was granted by the judge upon the ex parte application of counsel for movants, on the presentation of the previous agreement of counsel for such continuance, as it was the movants alone

who were interested in having service of the motion perfected upon all of the respondents, and it is customary for such orders to be both prepared and presented to the judge by the counsel who procure them. If the recital in such an order that a named attorney on the trial of the case represented certain parties defendant can, in the absence of any evidence of record that such parties, or either of them, ever filed any pleading of any character in the case, be taken as sufficient evidence that such attorney was the attorney of record for each of these parties, then, under the decisions of this court rendered in *Clark* v. *Pigeon Roost Mining Company,* 29 *Ga.* 29, and *Barfield* v. *McCombs,* 89 *Ga.* 800, the service by the deputy sheriff of the bill of exceptions upon Holderness as attorney of record for respondents would be effective as service upon Libby and Teare. In the case first cited it was held that service of a bill of exceptions upon counsel who procured the decision brought up for review was good service upon the defendant in error, although such counsel claimed that he had ceased to be counsel for the defendant in error before he was served, it being held that, under the statute prescribing service upon attorneys, he could not, for the purpose of receiving service, cease to be counsel. This ruling was followed in the second case cited, where it was held: "Service of the written notice of a certiorari upon counsel who represented the party in the justice's court when the trial excepted to was had, is sufficient though the counsel may have been settled with and discharged." But whether there would be any merit in the motion to dismiss the writ of error if it were confined to an alleged failure to serve Teare and Libby with the bill of exceptions, we are clearly of opinion that the motion to dismiss must be sustained because of the failure to thus serve H. C. Rabun. We think it clear that the record shows that Holderness did not represent H. C. Rabun. As we have seen, Holderness did not acknowledge service of the motion for a new trial for him, but after the acknowledgment of service by Holderness for Simpson, Douglass, and Mrs. Rabun, an order was taken that H. C. Rabun be served, and, as we have also seen, this order was taken subsequently to the agreement for a continuance of November 23, 1899. The last agreement for a continuance of the motion for a new trial, dated January 25, 1904, was signed by Holderness as "Respondent's Atty." This would indicate that he only represented one of the respondents, and certainly does

not indicate that he represented all of them, including H. C. Rabun, upon whom it had been previously deemed necessary to order that personal service of the motion should be perfected. As H. C. Rabun was not a mere nominal party to the case, but was a party defendant against whom substantial relief was prayed, and is named in the bill of exceptions as one of the defendants in error, and the record fails to show that he was served with, or acknowledged service of, the bill of exceptions, we are constrained to sustain the motion and dismiss the writ of error. See *Cannon* v. *Sheppard*, 71 *Ga.* 781; *Orr* v. *Webb*, 112 *Ga.* 806, and cit.

*Writ of error dismissed. All the Justices concur.*