BUTLER *v.* KENDRICK *et al.,* executors.

No. 7873.   FEBRUARY 21, 1931.

*Homer Beeland* and *Dan S. Beeland,* for plaintiff in error.
*Hall, Grice & Bloch* and *C. L. Shepard,* contra.

PER CURIAM.  J. W. Woolfolk executed his note to J. R. Kinney for $3,000, and to secure it he executed to the payee his deed to a described house and lot.  Woolfolk thereafter sold and conveyed this house and lot to E. L. Butler, the latter assuming and agree-

ing to pay the debt secured by the deed from Woolfolk to Kinney. On May 14, 1924, Kinney transferred to W. R. Brown the note and the security deed, together with the title to the realty described. Brown died; and his executors brought suit against Woolfolk, in which they prayed for judgment against him for the principal, interest, and attorney's fees due on the note, and a special lien upon the land embraced in the security deed. Woolfolk made no defense to this suit. Butler intervened and set up that on or about the middle of May, 1924, he paid the debt due to Brown, as transferee of Kinney, and prayed to have the security deed canceled and the title to the property to be decreed to be in him. The trial of the issue thus raised by Butler resulted in the direction of a verdict by the court against both the defendant and the intervenor and in favor of the plaintiffs. Thereupon a judgment was rendered in favor of the executors of Brown against Woolfolk and Butler for the principal, interest, and attorney's fees claimed by them, and a special lien was set up and established against the land embraced in the security deed. Bulter moved for a new trial upon the general grounds. Woolfolk acknowledged service of the motion for new trial and the rule nisi, and waived all other and further service. Thereafter Butler amended his motion for new trial by adding certain special grounds. The judge overruled the motion, and Butler excepted and assigned error. Woolfolk was not served with a copy of the bill of exceptions, nor did he acknowledge or waive service thereof. Butler, the intervenor, named himself as plaintiff in error in the bill of exceptions, and the executors of Brown as defendants in error. A motion to dismiss the writ of error was made, upon the ground that Woolfolk was a necessary party to the bill of exceptions and was not served with a copy of bill of exceptions and did not acknowledge service thereof, nor did he waive service.

1. The general rule is that all parties in favor of whom a judgment or decree has been rendered, or who are interested in having such judgment or decree sustained, or whose interest will necessarily be affected by a reversal or modification of such judgment or decree, must be made plaintiffs in error, or defendants in error; and for lack of such persons as parties the writ of error will be dismissed. *Inman* v. *Estes,* 104 *Ga.* 645 (30 S. E. 800); *U. S. Leather Co.* v. *First National Bank,* 107 *Ga.* 263 (33 S.

E. 31) ; *Hodnett* v. *Douglass,* 124 *Ga.* 994 (53 S. E. 687) ; *Edwards* v. *Wall,* 153 *Ga.* 776 (113 S. E. 190) ; *Rowe* v. *Mobley,* 166 *Ga.* 726 (144 S. E. 211) ; *Teasley* v. *Cordell,* 153 *Ga.* 397 (112 S. E. 287).

2. While it is true that "Where, in a suit against two or more co-defendants, the verdict and judgment are adverse to the defendants, and one of them makes a motion for a new trial, which is overruled, the movant can except to the judgment overruling his motion, and bring the case to the Supreme Court without making any of the other defendants parties to the bill of exceptions; and the failure to do so will not work a dismissal of the writ of error" (*Turner* v. *Newell,* 129 *Ga.* 89, 58 S. E. 657; *Durrence* v. *Cowart,* 160 *Ga.* 671, 129 S. E. 26), yet where a judgment was rendered against both the defendant and intervenor, under circumstances narrated above, and a special lien was set up and established upon the real estate to which intervenor held title subject to the payment of the secured debt, the original defendant in the suit was interested in having the verdict and judgment sustained, as the effect of the judgment setting up a special lien upon the realty would have the effect of relieving the defendant from the payment of the secured debt, certainly to the extent of the value of the realty ; and having this adverse interest to the intervenor in sustaining the judgment, and having been made a party to the motion for a new trial, he should have been made a party defendant to the bill of exceptions. The mere fact that the defendant might be relieved of the payment of the debt if the intervenor succeeded, and might likewise have an interest in the success of the intervenor, would not relieve the intervenor from making him a party defendant to the bill of exceptions. If the defendant might be deemed interested both ways, that is, with both the plaintiff and intervenor, this would not relieve the intervenor of the necessity of making him a party defendant to the bill of exceptions, especially when he had been made by the intervenor a party defendant to the motion for new trial. The defendant not having been served with the bill of exceptions, and not having acknowledged nor waived service thereof, the bill of exceptions is dismissed.

*Writ of error dismissed. All the Justices concur, except Russell, C. J., and Gilbert, J., who dissent.*

Russell, C. J. The defendants in error, in support of the motion to dismiss, rely upon the ruling in the case of *Inman* v. *Estes,* 104 *Ga.* 645 (supra), and other similar rulings. In that case this court said: "Persons who as parties to a motion for new trial are interested in sustaining the judgment complained of therein are essential parties to a bill of exceptions assigning error upon the overruling of such motion; and if such parties are not duly served, the writ of error will be dismissed." This ruling was repeated in *Hodnell* v. *Douglas,* 124 *Ga.* 994 (supra). It will be noted that the rule applies only to persons who are *parties to a motion for a new trial,* or are interested *in sustaining* the original judgment of the lower court. It appears from the record in the present case that Woolfolk did not move for a new trial, and it certainly does not appear that he is interested in *sustaining* the verdict against himself in behalf of the executors which was directed by the court. Before a motion to dismiss a bill of exceptions (which is a drastic proceeding) will be sustained, both ingredients of the rule which we have quoted must concur. In the original motion for a new trial, after stating that there was a verdict and judgment for the plaintiff, it is alleged: "The ——————————, being dissatisfied with the verdict and judgment, . . moves the court for a new trial" (upon the usual general grounds). Both counsel and the court seem to have dealt with this apparent uncertainty as to who was moving for a new trial. In the only order granted by the court upon this motion it was construed by the court (as it was evidently intended) as a motion made only in behalf of Butler. And so in providing for the future proceedings upon the motion, the court in its order says: "The *intervenor* having made a motion for a new trial in said case on the grounds stated," etc. So that it is very plain from the record that Woolfolk's acknowledgment of service was a useless proceeding, since Woolfolk is not named as movant and he did not join in the motion for a new trial, personally or by counsel.

In *Inman* v. *Estes,* supra, Waxelbaum & Company and others who had filed an equitable petition, as well as Inman, Smith & Company, were made parties plaintiff, by the consolidation of Waxelbaum's petition. The verdict was for the defendant; and the rule stated by the court was a proper one, because these latter parties were as much interested as plaintiffs as Inman, Smith & Company.

In the progress of the case the plea of the Peoples Bank of Talbotton and Estes as defendants was joined by Findley Green, who was made a party defendant, and the case was submitted to a jury upon questions propounded by the court, who made special findings of the facts at issue. Upon this verdict a judgment adverse to the plaintiffs was entered. The plaintiffs filed a motion for a new trial, and, while the same was pending, brought to this court a bill of exceptions alleging that the judgment entered as above was erroneous because the same did not conform to the verdict. The motion for a new trial was overruled, and the plaintiffs sued out and brought to this court a bill of exceptions. As appears from the report of the case (104 *Ga.* 646) the Peoples Bank of Talbotton and Findley Green were directly interested in sustaining the judgment entered by the lower court. Separate motions were made to dismiss these writs of error, the main ground of which motion was that the plaintiffs in error had failed to make parties defendants in error, or serve, the Bank and Green; the bill of exceptions merely designating the defendants in error as "George H. Estes et al." It was held that the "effect of such a loose statement is merely to make the person definitely named a party defendant." The acknowledgment of service appearing upon the bill of exceptions is signed by counsel as "Attys. for Deft. in error." "This acknowledgment of service, therefore, is to be treated as relating to Estes alone, and the bank and Green, being interested in sustaining the judgment excepted to, were essential parties to the bill of exceptions and ought to have been served. *Curey* v. *Hitch,* 57 *Ga.* 197; *Allen* v. *Cravens,* 68 *Ga.* 554; *Cameron* v. *Sheppard,* 71 *Ga.* 781; *Baker* v. *Thompson,* 78 *Ga.* 742 [4 S. E. 107]; *Davis* v. *Peel,* 97 *Ga.* 342 [22 S. E. 525]; *Hunter* v. *Wakefield,* Ibid. 543 [25 S. E. 347, 54 Am. St. R. 438]; *Capers* v. *Kirkpatrick,* 98 *Ga.* 260 [25 S. E. 438]."

The well-settled rule enunciated in the decisions above referred to has no application whatever in a case such as the present, where there is a verdict for the plaintiff, and one or more defendants move for a new trial, and upon a judgment overruling the motion bring exceptions to this court. In such a case one defendant alone though there be many, may make a motion for a new trial alone, and may except to the judgment overruling it by writ of error without being joined by any of his codefendants; or, should

more than one defendant join in the motion for a new trial, it does not affect the right of any of the defendants to seek a review of the judgment overruling his motion for a new trial, though none of his codefendants are joined as parties. The rule, when the plaintiff has lost in the lower court, is based upon the reason that each of the defendants, all of whom have gained, are entitled to a hearing before their property right in the judgment rendered by the lower court is annulled and destroyed by the grant of a new trial. Where a defendant excepts to the rendition of a judgment against him and his codefendant, the only property right at stake is that of the plaintiff in whose favor the judgment sought to be set aside was rendered. Section 6176 of the Code of 1910 declares: "No party shall be considered as interested in the litigation in the Supreme Court who will not be affected by the judgment to be rendered in the particular case." J. W. Woolfolk is a mere nominal party, not a necessary or interested party who should have been served or made a party in the bill of exceptions. He was not interested in sustaining the judgment rendered in behalf of the executors and against himself, and he was not interested in reversing the judgment, because the property upon which a special lien was asked to be placed would protect him. He was not interested in the trial of the case in the court below, as shown by the fact that he interposed no plea or answer. He filed no exceptions to the judgment in the lower court. It is plain that he has no interest in the result of the case in this court.

In *Merchants & Traders Bank of Rome* v. *Harrison,* 68 *Ga.* 463 (2) the court held that codefendants need not be served with a bill of exceptions, saying: "Where some of the defendants to a bill in equity excepted to the overruling of a demurrer to the bill, they need not serve their codefendants with the bill of exceptions." Judge Speer, delivering the opinion of the court, said: "A motion was made to dismiss this writ of error on three grounds, first, that the defendants were not served. They need not be served because other defendants have brought this cause, and they need only to serve the complainants, especially when they demur to the bill for want of equity." After dealing with the other two grounds of the motion to dismiss (which are not applicable to this case), the court said, "We therefore overrule the motion to dismiss this writ of error as to the question we now shall and can only review,"

and then proceeded to deal with the merits of the several exceptions. In *Jordan* v. *Gaulden*, 73 *Ga.* 191, the court held: "Where there are several defendants to a bill in equity, and from a judgment granting an injunction one of the defendants desires to except, it is not necessary for him to bring up his codefendants in the bill and to serve them with the bill of exceptions and writ of error." In *Ruffin* v. *Paris*, 75 *Ga.* 653, the court held: "Where the judgment of the superior court was adverse to the defendants, one of them could except and bring the case to this court without joining the other plaintiffs in error; and a failure to do so will not work a dismissal of the writ of error." "A motion was made to dismiss this writ of error because all the defendants below are not plaintiffs in error here. They need not be. Either one may bring the case here, and the others rest content with the judgment below. This court has so ruled frequently." In *Jones* v. *Hurst*, 91 *Ga.* 338 (17 S. E. 635), it was ruled: "Where a petition is filed against several defendants, and a separate demurrer thereto by one or more of them is overruled, the remaining defendants need not be made parties to, or be served with a copy of, a bill of exceptions assigning as error the overruling of the demurrer mentioned." Mr. Justice Lumpkin, delivering the opinion of the court, said that this question of practice "has heretofore been definitely settled by this court."

In *Western Union Telegraph Co.* v. *Griffith*, 111 *Ga.* 551 (36 S. E. 859), Mr. Justice Fish dealt at some length with the logical reasons upon which is based the general rule which does not require a defendant who complains of an adverse judgment to join in the bill of exceptions his codefendants who may not desire to except, reaffirmed the decision in *Jones* v. *Hurst*, supra, and said: "Certainly it was not incumbent upon the telegraph company, if it desired to bring here for review the judgment overruling its separate demurrer, to make the railway company a party defendant to the bill of exceptions." Since the telegraph company was a defendant in the case then being considered, although the bill of exceptions had been amended "from the record in the case" by inserting the Augusta Railway & Electric Company as a coplaintiff, it was still contended by counsel for Mrs. Griffith, defendant in error, that a new trial could not be legally granted as to one only of the joint defendants below, and was accordingly argued that as

the railway company was not made a party to the motion therefor or to the writ of error, the case should be dismissed. Mr. Justice Fish, said: "This position is not altogether logical," and concluded a full discussion of the legal consequences probably resulting in suits against joint tort-feasors with the statement that "Obviously, where the only logical result of a trial was to release one of several defendants sued as joint tort feasors, a new trial may properly be granted at the instance of those against whom a recovery was had, without disturbing the righteous finding of the jury as to the one whom they discharged," citing *Fulton County St. R. Co.* v. *McConnell, 87 Ga.* 756 (13 S. E. 828). Mr. Justice Fish referred also to *McNulty* v. *Pruden, 62 Ga.* 138, where Judge Bleckley observed that "If the case had been brought up by the complainant below, and not by some of the defendants, other rules would apply; for there is a vast difference between introducing proper plaintiffs in error, who were not entitled to notice, and attempting to add by amendment necessary defendants in error who had not been made parties or served with the bill of exceptions agreeably to statutory provisions which were imperative."

There is a vast difference between the necessity for having all proper parties plaintiff in the original action as plaintiffs in error, where the finding of the lower court was in favor of the defendants, from the rule applicable where there is a finding in the lower court in favor of the plaintiff. The distinction between the two, as recognized by this court in the allowing of amendments to bills of exceptions by the insertion of additional plaintiffs in error, is pointed out in *Western Union Telegraph Co.* v. *Griffith,* supra, in the long list of authorities cited by Mr. Justice Fish, who calls attention to the fact that since the "saving act" of 1880 (Acts 1880-1881, p. 123), which, among other things, provided for curing by amendment "any imperfection or omission of necessary and proper allegations" in the bill of exceptions which can be "corrected from the record in the case," provided the record shows "clearly who were the respective parties to the litigation in the court below, and the bill of exceptions shows that all who were interested in the case, as presented in the Supreme Court, in sustaining the judgment of the court below, had been served," has been construed consistently, in the long list of decisions cited in the *Telegraph* case, supra, to refer to proper parties *plaintiff*. "But in none of these

cases could the fatal omission to include in the writ of error all necessary parties defendant thereto be cured by amendment;" for in view of the doctrine laid down in *Price* v. *Lathrop,* 66 *Ga.* 247, the rule that one suing out a bill of exceptions can not properly join with him as a plaintiff in error another litigant who was on the opposite side of the controversy is applicable only in the event all necessary parties have been duly served. This court held, in *Turner* v. *Newell,* 129 *Ga.* 89 (supra): "Where, in a suit against two codefendants, the verdict and judgment are adverse to the defendants, and one of them makes a motion for a new trial, which is overruled, the movant can except to the judgment overruling his motion, and bring the case to the Supreme Court without making the other defendant a party to the bill of exceptions; and a failure to do so will not work a dismissal of the writ of error."

In *Durrence* v. *Cowart,* 160 *Ga.* 671 (supra), the unanimous court, as constituted at present, reaffirmed the ruling of *Turner* v. *Newell,* supra. Among numerous decisions of the Court of Appeals to the same effect are *Kerr* v. *Holder,* 13 *Ga. App.* 9 (78 S. E. 682); *Pharr* v. *Eve,* 17 *Ga. App.* 686 (87 S. E. 1098); *Luke* v. *McSwain,* 27 *Ga. App.* 141 (107 S. E. 566); *Mackle Construction Co.* v. *Hart & Crouse Co.,* 27 *Ga. App.* 405 (108 S. E. 818); *Evans* v. *Williams,* 29 *Ga. App.* 126 (113 S. E. 703); *Augusta Motor Sales Co.* v. *King,* 33 *Ga. App.* 433 (126 S. E. 866).

Counsel for defendants in error recognize the rule that "where in a suit against two or more defendants the verdict and judgment are adverse to the defendants, and one of them makes a motion for new trial which is overruled, the movant can except to the judgment overruling the motion and bring the case to the Supreme Court without making any of the other defendants a party to the bill of exceptions," but argues that this rule does not "cut into the doctrine of the other well-known rule, which is that all parties to a motion for a new trial, when the ruling on the motion for a new trial forms the only exception, should be made parties to a bill of exceptions whose only purpose is to set aside the judgment denying or overruling the motion for new trial." As Woolfolk did not make a motion for a new trial, the rule as stated by counsel is not applicable. Even if Woolfolk had made a motion for a new trial, in the language of Chief Justice Jackson in *Ruffin* v. *Paris,* supra, he might have been content with the judgment overruling his

motion for a new trial. And if he was content not to except to the judgment upon the motion for a new trial, Butler would not have been thereby debarred from seeking to have the judgment against himself reviewed. It appears that Woolfolk was not interested in the result of the suit, for his position could not have been bettered by any judgment which it was in the power of this court to render, even if another trial had been granted or should be awarded, since he filed no timely defense to the suit upon an unconditional contract in writing, and the same result, so far as he is concerned, must ensue upon any subsequent trial.