to otherwise sustain her case, upon the sole ground that, having a guardian, she could not bring suit by prochein ami against her guardian.

We will not go into the merits of the case, but will dispose of the question made, by holding that the Judge committed error.

Judgment reversed.

_____

598   *JAMES D. LEONARD, trustee, plaintiff in error, *v.* W. F. POWELL, trustee, defendant in error.

(Atlanta, January Term, 1871.)

1. TRUSTS AND TRUSTEES—NECESSARIES—CHARGE OF COURT.—A trust-estate is ordinarily liable for necessaries for its protection and preservation, and, to the extent of the income, for necessaries for the use of the beneficiaries who are in want, unless the trust-deed otherwise provides,·but it is not error in the Court to refuse to give this principle of law in charge to a jury, in a case which turns wholly on an alleged express contract with the trustee, and where there is no evidence from which the implied liability of the trust-estate can be lawfully assumed.

2. SAME—SAME—PRESUMPTIONS OF LAW.—Where there was a trust-estate in Randolph county, in the possession of a trustee, for the wife of A and A with his family lived on a farm in Early county, and articles were furnished to A and used by him in the support of his wife and family, the law will not presume that the wife of A is in want, and charge her trust-estate in Randolph with the articles simply because it is proven that the trustee has not supplied her.

Trusts and Trustees. Before Judge Harrell. Randolph Superior Court. May Term, 1870.

This was complaint in favor of James D. Leonard, trustee for his wife, Ann E. Leonard, and their minor children, against Watson F. Powell, trustee of Sarah A. Powell and her children, (said Sarah A. being the wife of J. S. Powell,) upon an account, alleging that the goods and articles furnished were for the benefit of the trust-estate, and for the support and maintainance of the said Sarah A. Powell and her children, and setting forth a description of the trust property. The cause was submitted upon the following proofs, to-wit:

James D. Leonard testified that the account sued on was correct; that the articles set forth in the account were actually sold and delivered to the family, consisting of the wife and children of J. S. Powell and Sarah A. Powell; that they were goods suitable and necessary for the family; that Watson F. Powell resided in Randolph county, some thirty miles from where his mother resided in Early county; he did not know whether or not W. F. Powell, trustee, had control of the plantation in Early county, nor whether he furnished the family with anything whatever; that W. F. Powell did not have personal control of the property in 599 Early *county; that J. S. Powell, the father, arranged and controlled it, did the buying and selling for the family, so far as the business was concerned in Early county.

The trust property consisted in the plantation in Early county, where the family resided, and the plantation in Randolph county on which the trustee resided. In regard to the goods sold and articles furnished to carry on the Early county farm, in 1866, he said that he and J. S. Powell made the contract to farm together, witness furnished the place joining Powell's farm and the stock, etc.; J. S. Powell furnished the farm on which he lived and the stock, etc., that W. F. Powell, trustee, was not present at the making of the contract; that J. S. Powell was without means to carry on his farm, and witness agreed to furnish out of the trust fund which he had, the provisions, money, etc., to make the crop, which he did furnish, as set forth in the account, and that the articles were for the family and plantation in Early county, and that they could not have made a crop in Early county and subsisted without them; and that he never had received payment for them. He said the first contract was made with J. S. Powell, individually, witness at that time not knowing that the property held by him was trust property, and after finding out that there were judgments against J. S. Powell, and that the property was held in trust, he demanded a new contract, so as to be secure in what he paid out and advanced, which new contract was made by J. S. Powell, as attorney and agent for W. F. Powell. (Both these contracts were exhibited to the witness and recognized, but neither of them were read in evidence to the jury.) Witness said that W. F. Powell was not present when neither of these contracts were made, nor did he know of his own knowledge, if the trustee ever authorized any one in any manner to make any contract for him. W. F. Powell, trustee, was only on the plantation two or three times during the year; never had from W. F. Powell during the year any direct recognition of the contract or the agency of his father in making it, but he knew how they were farming together, and that witness was furnishing all the supplies.

*At the close of the year witness applied to the trustee for payment of the account; he recognized the account, did not dispute any item in it, and made promises to settle it; set several days to meet witness at Cuthbert to settle it, but said he wished to have his father present to see that all the items were correct; he agreed to meet witness at Mr. Fielder's office that he might make the calculations and see that the settlement was correct. At the first contract no one was present but J. S. Powell and children; at the second contract no one was present but Mrs. Powell and her son, A. W. Powell, also witnessed it.

B. F. Leonard testified, that he was on the place a part of the year, and, as agent for his brother, furnished a part of the articles and knows that W. F. Powell, trustee, was there several times and was aware of how his brother and J. S. Powell were carrying on business; knows that W. F. Powell, trus-

tee, did recognize the account after it was made, and agreed to meet his brother and settle it.

W. F. Powell trustee, defendant, testified, that the place on which he lived, in Randolph county, was held in trust for Sarah A. Powell; he did not hold the place in Early in trust for her; did not know, of his own knowledge, how the place in Early was held; did not have personal control and supervision of the affairs of the family; did no buying and selling for them; did not furnish any supplies for them, either of food or clothing; did not know the terms of the contract between his father and J. D. Leonard, or how they were carrying on business; never appointed J. S. Powell an agent to make a contract for him as trustee, and never ratified any contract made by him as such; did not agree to settle the account after it was made; did agree, several times, to meet Mr. Leonard to have a settlement between him and his father, as there was a falling out and bad feeling between them, and witness thought it proper for him to be present; his father and mother never made any demands on him for necessaries; if they had he would have furnished them; witness thinks that many of the articles in the account were not suited to the circumstances of the family.

601 *The Court charged the jury as follows:

1. If W. F. Powell, the trustee, contracted with the plaintiff to furnish the articles charged in his account, and they were furnished by him, and they were suited to the circumstances of the cestui que a trust, or for the benefit of the trust-estate, then the trust-estate, in the hands of the trustee, was liable, and it was their duty to find for the plaintiff.

2. If J. S. Powell was the agent of W. F. Powell, the trustee, and was specially appointed by him for that purpose, and as such agent he made the contract, and the goods were so furnished, or he afterwards, with full knowledge of what J. S. Powell had done, ratified it, then the trust-estate is liable as if the trustee himself had made the contract.

3. But if the trustee did not make the contract, or J. S. Powell was not his agent specially appointed for that purpose, or subsequently, with a full knowledge of what had been done, ratify it, the trust-estate was not liable on J. S. Powell's contract.

4. The trustee and the trust-estate is not liable to the plaintiff for goods and money furnished the cestui que trust, under any contract, unless the contract was with the trustee or his special agent for that purpose, or was afterwards ratified and approved by him; and the plaintiff, if he did so furnish goods, without such contract or ratification, could only look to the person with whom he contracted, and not to the trust property, for payment.

The counsel for the plaintiff asked the Court, in writing, to charge—

41 G R—31

Leonard v. Powell

That the trust property was liable for goods and necessaries suited to the condition in life of the cestui que trust, if the trustee failed to furnish them, and that whether there was a special conract with the trustee or his agent, or not. And that the trust-estate was liable for money and goods furnished for the benefit of the trust-estate, whether there was a contract made or ratified by the trustee or not. Which charges the Court refused. The jury found a verdict for the defendant.

Plaintiff moved for a new trial, upon the ground that the *jury found contrary to the evidence, and that the Court erred in the charge to the jury, and in refusing to charge as requested. This motion the Court overruled, and that is assigned as error.

H. Fielder, for plaintiff in error.

L. S. Chastain, B. S. Worrill, for defendant.

McCAY, J.

1. We do not doubt but that, as a general rule, a trust-estate is liable for necessaries furnished for the protection, preservation, and often, for the improvement of the trust property: Revised Code, section 3301. So, too, we recognize the right to charge the estate, under proper circumstances, with the debts of the cestui que trust. Necessarily, however, this must depend upon the nature of the trust. The beneficiary may have power to charge the estate at will, or may have only a right to the income, or may charge either only to a limited extent, or in a particular way. And no general rule can be laid down, depending, as each case must do, on the nature and extent of the interest of the beneficiary in the property.

In this case, we do not see how, fairly, the jury had any right to have the rule explained to them. The case turned wholly on the contract of the trustee. Under the evidence, if the plaintiff was entitled to recover at all, it was on the idea that Mr. Powell, the father, was the agent of the trustee, or whether, if he was not at first the agent, the trustee had not ratified and recognized his acts as acts done for him. This question was fairly submitted to the jury; there was evidence pro and con upon it, and the jury having passed upon it, the Court could not properly disturb the finding.

We do not intend to say that every contract a trustee, even, may make will bind the trust property. That will depend upon the powers granted to him and upon the nature of the contract. We think the evidence in this case is very meagre, so far as it bears upon the liability of the trust estate for this account, independent of the contract. *The trust property seems to be in Randolph county. The beneficiary and her children reside with the husband, in Early, and these goods were furnished to the hus-

Brown v. Reed & Co

band to carry on his farm in Early. The Early county property may, or may not, be trust property for the use of Mrs. Powell. One of the witnesses does say it was trust property, but who was the trustee and for whose use it was held, does not appear.

The defendant, the trustee of the Randolph property, the only property a recovery here would bind, distinctly declares he knows nothing about the Early property. There is, therefore, absolutely no evidence to bind the trust-estate, in the hands of the defendant, with the value of these goods, on the ground that they were furnished to protect, preserve or improve the trust property in his hands, since there is no connection proven at all between these goods and the only trust property, to-wit: the Randolph, the defendant holds as trustee.

2. The only other ground on which the plaintiff's case can be put is, that these goods were necessaries for the beneficiaries. Upon this point the only evidence was, that the trustee, Mr. Powell, had not supplied his mother with a support. Is this enough? We think not. She had a husband; she was living in another county with him, on a place which seems to have belonged to some of them. Had the Court or jury any right to presume she was in want? The basis of the right to recover in such cases is, that the cestui que trust is in want, that the plaintiff has supplied that want and equity ought to remunerate him.

Besides, the trust deed was not produced. It may be that the beneficiaries have no right, under the deed, to charge the corpus—perhaps, not the income. It would be striking very much in the dark to subject trust property to a judgment upon such loose proof. Judgments are solemn things and Courts ought to know exactly what they are doing when they make them.

Judgment affirmed.