C. D. S. WILKINS, for use, etc., plaintiff in error, *vs.* THE WARDENS AND VESTRY OF ST. MARK'S PROTESTANT EPISCOPAL CHURCH OF DALTON, defendant in error.

A religious society, which is not incorporated according to law, or which has not recorded its name and objects, as provided by section 2347 of the Code, cannot be sued as such. Its members are liable on its contracts as joint promissors or partners.

Contracts. Corporations. Pleadings. Joint promissors. Before Judge McCUTCHEN. Whitfield Superior Court. April Term, 1874.

Suit was brought against the defendant in a justice court. The case was carried by appeal to the superior court. The jury found for the plaintiff. The defendant moved for a new trial, among other grounds, because the court erred in charging the jury as follows: "It is immaterial whether St. Mark's Episcopal Church is a corporation or not. If it is a society of persons who have associated themselves together for a purpose, and constituted certain agents, called by the name of wardens and vestrymen, or by any other name, then this church can be sued, and its representatives, the wardens and vestrymen, can be sued."

The motion was sustained, and a new trial ordered; whereupon, the plaintiff excepted.

JESSE A. GLENN, for plaintiff in error.

SHUMATE & WILLIAMSON, for defendants.

McCAY, Judge.

It is not pretended that the members of this society, at the date of the commencement of the suit, are the persons, all of them, who were members at the time of the contract. The whole scope of the proof and the form of the suit is against the society as such—the society changing in parts as its members changed, by death, removal and accession. In other words, the suit is upon the idea that the society is an entity— that as it has succession, by change in membership, that it remains the same, however its members change. The suit does not even go against the parties as joint contractors, but against the society, as such, by its name, represented by its officers. Now the right to have succession—to remain the same though the parts and members change—to be and continue a thing, an entity, whatever may be the change in membership,

and to sue and be sued—make up the idea of a corporation, which our Code defines to be " an artificial person *created by law* for specific purposes." We are clear that this action, so far as it is a suit against the society, as such, cannot be sustained. Had its members all been served they might be charged as joint promissors, contracting through an agent, or as partners, contracting in a firm name. But this is a suit against the church, as an entity, and the service is upon the officers: See Addison on Contracts, 765, and the cases cited there. Without question, if the individuals joined in this suit and served, have, for a consideration, such as the waiver of the mechanic's lien, promised jointly to pay this debt, they are liable for it. But we see no evidence of this in the record. It seems plain to us that any promise they made was as agents of the church, and not in their individual capacity. At any rate, the evidence on this point is not so plain as to justify us in reversing the judgment of the court granting a new trial. Our law furnishes so simple a method by which societies such as these may be incorporated and acquire the right to contract, have succession, etc., and it is so easy for any one to know what is the truth of the case, that if men will make business transactions of the character disclosed by this record, they must take the consequences: See Code, sections 1647, 2347. This society is not, under those sections, authorized to sue or to be sued. If its members are liable they stand as do other joint promissors or partners.

Judgment affirmed.