THE MACON & ATLANTIC RAILWAY CO. *v.* RIGGS *et al.*

1. Church property is private property, and is subject to condemnation according to law for railway purposes.
2. A deed from certain members of a church, who had no authority to make the same, purporting to convey to a railway company a right of way over land belonging to the church, does not authorize the company to take such land for the purpose designated in said deed.

April 21, 1891.

Injunction. Church property. Railroad right of way. Before Judge GAMBLE. Bulloch county. At chambers, February 9, 1891.

Reported in the decision.

GUSTIN, GUERRY & HALL and WILLIAM BRUNSON, Jr., for plaintiff in error.

BRANNEN & BRANNEN and HINES & FELDER, *contra.*

LUMPKIN, Justice.

1. The judge below held that the property of a church was not subject to condemnation for railway purposes.   It has been settled by this court that church property is private property, and it follows that land belonging to a church may be condemned for public use, such as the building of a railway thereon, just as the property of an individual may be.   *City of Atlanta* v. *First Presbyterian Church*, 86 *Ga.* 730; see, also, *Lyons* v. *Planters' Loan and Savings Bank, Id.* 485, 12 S. E. Rep. 882.

2. The railway company obtained from five members of the church, including a deacon, a deed conveying to it the right to construct its track across the land of the church, and delivered, in payment for said land, a draft for $175.00. These members of the church did not own the land, and had no right to make said deed.   Afterwards, the church deliberately repudiated this action on the part of said members, and returned the draft to the company.   The company, nevertheless, was about to proceed to build its railway across the land of the church, having no authority or right so to do except such as may have been conferred by said deed.   Whereupon Riggs and a number of others, members of the church and representing it, filed their petition for an injunction against the company to restrain it from encroaching upon the land of the church, and upon the hearing thereof, the court granted the injunction.   We think the judge did right, because, under the facts disclosed, the company had no right, title or authority whatever to use this land.

We affirm the judgment of the court below, but this ruling must not be so construed as to prevent the railway company, if it sees proper so to do, from instituting condemnation proceedings according to law.

*Judgment affirmed.*