## THURMOND *v.* CEDAR SPRING BAPTIST CHURCH.

No action can be maintained against a religious society when sued as such, when such society has not been incorporated, nor had recorded its name and objects, as provided by law. The members of such society are liable on its contracts as joint promissors or partners.

Argued April 27,—Decided May 14, 1900.

Foreclosure of lien. Before Judge Janes. Polk superior court. August term, 1899.

*Fielder & Mundy,* for plaintiff.
*William Janes, J. A. Blance,* and *F. A. Irwin,* for defendant.

LITTLE, J. Thurmond exhibited a petition against the Cedar Spring Baptist Church and others. He alleged that he was a mechanic and contractor; that as such, in 1896, he contracted with the Cedar Spring Baptist Church by and through its agents and building committee and deacons, Gibson, Richardson, Janes, Howard, Jackson, and Stinson, to erect and build for the Cedar Spring Baptist Church a new church building on a lot owned by said church, for a stipulated price; that he completed the same according to contract, except certain parts, and as to those the building committee failed to furnish material and otherwise prevented him from doing so, averring his readiness to entirely complete the same according to contract when permitted by said church; that the cost of fully completing it would not exceed the sum of twenty dollars, and his failure so to complete was caused by the defendants, who would not allow him to do so. He further shows that he filed his claim of lien against said church building and the land upon which it was situated, and that the defendants were due him $257 balance. The suit was instituted to enforce his lien against the property. To this petition both a demurrer and an answer were filed in behalf of the Cedar Spring Baptist Church. On the hearing, a motion was made to dismiss the case, on the ground that it did not appear that the Cedar Spring Baptist Church was a corporation, and the case was not properly brought against said church. This motion was sustained and the petition was dismissed, to which ruling the plaintiff in error excepted.

While Gibson, Richardson, and others were named as the

building committee and deacons of the church, and while process was prayed against them individually, no judgment was asked against either of these defendants. The allegations of the petition treated these named persons as the agents and building committee, and they are not sought to be made liable to the plaintiff for the debt. The claim of lien filed is on real estate of the Cedar Spring Baptist Church, and alleges that the contract for the erection of said church was made with said persons, who are designated as deacons. Therefore, so far as the petition is concerned, it must be held to be a suit against the Cedar Spring Baptist Church. Further, it is not alleged that the church has been incorporated, which might have been done under the Civil Code, § 2351; nor that the names of the trustees or officers had been entered on record; nor that the name, style, and objects of the association had been recorded as provided in the Civil Code, § 2357; either of which proceedings would have rendered the church capable of suing and being sued. For aught, then, that appears, the church was a voluntary association of persons for the purpose of divine worship and the observation of religious duty. *Josey* v. *Union Loan & Trust Co.,* 106 *Ga.* 608. And the rule of law is, that no association of persons can appear in court as a corporation, unless organized as such in the manner provided by law. Hawes on Parties to Actions, § 92; Dicey on Parties to Actions, 169. It must be borne in mind that none of the members or congregation of the church are sued as such; that it does not appear whether its property is held by trustees or not, but even if it was, the trustees were not made parties defendant, nor served. In the case of *Wilkins* v. *Wardens and Vestry of St. Mark's Church,* 52 *Ga.* 351, this court held that a religious society which is not incorporated according to law, or which has not recorded its name and objects, as provided by the code, can not be sued as such. Its members are liable on its contracts as joint promisors or partners. And in the case of *Barbour* v. *Albany Lodge,* 73 *Ga.* 474, a demurrer ore tenus was made to the petition when the case was called for trial, which was sustained, and, exception being taken, this court ruled that some person must be sued, either natural or artificial; that no person was sued in the

complaint exhibited, and the demurrer was, therefore, good. This case seems to be conclusive of the question involved, and it must be ruled that the court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. All concurring, except Fish, J., absent.*