BURWELL *et al. v.* FARMERS AND MERCHANTS BANK *et al.,*
and *vice versa.*

CANDLER, J. ·1. The supplementary decree of the United States court, made after the hearing before the trial judge and before his decision, was not material to the decision of any question then before him.

2. Under the Civil Code, § 3172, a trustee in whom is vested the legal title to land, but to whom the deed gives no power of sale, can not, without an order of court, sell such land without the consent of all the beneficiaries.

3. Where by a decree of a United States circuit court a commissioner is appointed and directed to sell a certain manufacturing establishment, and before the sale certain bondholders of the corporation form a syndicate and · appoint one of their number to purchase the property for them at the sale under the decree, and the person so appointed makes the purchase and the commissioner conveys the property to him as trustee of the persons composing the syndicate, but the deed gives the trustee no power to dispose of the property, the power of sale can not be engrafted upon the deed because of a private understanding of the persons forming the syndicate, or letters or agreements among them, that the intention was that the purchaser should have power of sale, there being no prayer for a reformation of the deed.

4. Where the trustee under the deed above described sold the property without the consent of all the beneficiaries, and those who had not consented filed an equitable petition to set aside the sale, and for an accounting by the trustee, praying that a receiver be appointed to take charge of the property and sell it under direction of the court ; and where the trustee in his answer prayed that, if he had no power to sell under the deed, the court grant him leave to sell the property ; and where it appeared that the sale had been rescinded by the parties thereto, it was not an abuse of discretion for the trial judge to appoint him and another person as coreceivers and direct them to sell the property subject to the confirmation of the court.

5. It is not an abuse of discretion to appoint a non-resident of the State a receiver, when he has an interest in the property, and when a resident is appointed as coreceiver.

*Judgment in each case affirmed.*    *All the Justices concur, except Simmons, C. J., absent.*

Argued January 21,—Decided March 3, 1904.

Receiver.     Before Judge Evans.     Washington superior court. December 16, 1903.

*Ross & Grace, Burwell & Cansler,* and *A. A. & E. L. Meyer,* for Burwell et al.

*Hardeman & Jones, Davis & Turner,* and *E. W. Jordan,* contra.