## Bond et al. v. Stephens et al.

Hill, J. Taft & Company, non-residents, holders of a security deed executed by James A. Stephens, which contained a power of sale, undertook, in exercise of that power, to sell the equity of redemption in the land described in the deed. For this purpose Taft & Company executed a power of attorney to McLean, authorizing him to conduct the sale. McLean undertook to make a sale, cried the property off to S. P. Holland, and delivered to him a deed that had previously been signed in blank by Taft & Company as attorneys in fact for James A. Stephens. The deed contained the recital that the money had been paid to and received by Taft & Company. After the sale and delivery of the deed A. J. Bond and J. W. Bond, judgment creditors of Stephens, instituted suit against Stephens, Holland, and Taft & Company, to set aside the sale and cancel the deed, on the ground of fraud. Stephens and Holland each filed answers, but Taft & Company did not appear or plead. A final judgment was rendered, refusing the plaintiffs' motion for a new trial, to which ruling they excepted. All of the defendants were named as defendants in error, but the bill of exceptions was not served upon Taft & Company, the only entry as to service being by an "attorney for the defendants in error, S. P. Holland and J. A. Stephens." *Held:*

Appeal and Error, 4 C. J. p. 303, n. 3; p. 567, n. 76.

1. Failure to serve the bill of exceptions upon a defendant in error who is interested in sustaining the judgment complained of is cause for dismissing the writ of error. *Hodnett* v. *Douglass*, 124 *Ga.* 994 (53 S. E. 687; *Latch* v. *Latch*, 147 *Ga.* 432 (94 S. E. 556); *Tillman* v. *Davis*, 147 *Ga.* 206 (93 S. E. 201); *Woolard* v. *Corcoran*, 148 *Ga.* 299 (96 S. E. 564); *Teasley* v. *Cordell*, 153 *Ga.* 397 (112 S. E. 287); *Edwards* v. *Wall*, 153 *Ga.* 776 (113 S. E. 190); *Greeson* v. *Taylor*, 160 *Ga.* 392 (128 S. E. 177); *Anderson* v. *Haas*, 160 *Ga.* 420 (128 S. E. 178).

2. The interest of Taft & Company in sustaining the judgment complained of arose from the fact that the proceeds of the sale were paid to them which they might be required to refund if the sale should be set aside. The case differs from *Thornton* v. *Martin*, 116 *Ga.* 115, 121 (42 S. E. 348), holding that under the facts of that case an executor was a mere formal party and was not required to be served with the bill of exceptions.

3. Taft & Company were interested in sustaining the judgment that was rendered in favor of the defendants. In these circumstances, the motion to dismiss the bill of exceptions on the ground that service thereof was not made upon Taft & Company must be sustained.

*Writ of error dismissed. All the Justices concur.*

No. 5596. MARCH 17, 1927.

Equitable petition. Before Judge Yeomans. Early superior court. July 17, 1926.

*P. D. Rich,* for plaintiffs. *A. H. Gray,* for defendants.