## ROWE *v.* MOBLEY, trustee, *et al.*

A party in the trial court, who is interested in sustaining the verdict and the judgment refusing a new trial, is an indispensable defendant in error; and failure make him a party to the bill of exceptions, and to serve him therewith or to obtain an acknowledgment of service with consent that the case be heard in the Supreme Court, is ground to dismiss the writ of error on motion.

No. 6378. AUGUST 16, 1928.

Equitable petition. Before Judge Fortson. Clarke superior court. November 5, 1927.

*Sidney Holderness* and *E. W. Roberts,* for plaintiff in error.

*C. N. Davie, Orrin Roberts, Erwin, Erwin & Nix,* and *H. M. Fletcher,* contra.

ATKINSON, J. This is a suit by the trustee in bankruptcy of P. A. and O. N. Stanton against the two Stantons and H. M. Fletcher, H. L. Rowe, and H. M. Casey, to cancel a security deed to realty and a note secured by the deed, and to administer the realty for the benefit of creditors. Fletcher was the payee in the note and grantee in the security deed. Rowe was an alleged transferee of Fletcher as to an undivided half interest in the note and deed. Casey was transferee from Rowe as collateral security for a loan of a sum less than the value of the property transferred to him by Rowe. The petition conceded Casey's right as a bona fide holder to be paid the amount of his loan out of the realty, but sought to administer the realty for the benefit of all creditors, including Casey. Service of the petition was duly made on the Stantons and Rowe, and service of a second original was duly made upon Fletcher, he being a resident of another county, and service of the petition and process was duly acknowledged by Casey by his attorney. The above-named defendants, except Casey, filed answers. The jury returned a verdict generally for the plaintiff, and a decree was rendered which, among other things, provided for prior payment from the proceeds of the realty of the amount due Casey. Rowe made a motion for new trial, which was overruled, and he excepted. The bill of exceptions did not name Casey as a party, nor was there any service on him or acknowledgment or waiver of service by him.

1. A party defendant to the pleadings in the trial court, who will really be affected by the judgment to be rendered in the Supreme Court, is to be regarded as an indispensable party to the bill of exceptions; and where there is a failure to serve the bill of ex-

ceptions on such party defendant, and service is not acknowledged for him by another duly authorized, with consent that he be made a party by amendment in the Supreme Court and that the case proceed, as provided in the Civil Code (1910), § 6160 (3), the writ of error will be dismissed.' *Davis* v. *Wallers,* 140 *Ga.* 229 (78 S. E. 838) ; *Edwards* v. *Wall,* 153 *Ga.* 776 (113 S. E. 190) ; *Bond* v. *Stephens,* 164 *Ga.* 30 (137 S. E. 377). A different rule would apply if the person not served with the bill of exceptions was not a party to the case in the trial court. *Chason* v. *Anderson,* 119 *Ga.* 495 (46 S. E. 629).

2. The record discloses that H. M. Casey was named as a party defendant in the petition addressed to the trial court, and that service was duly acknowledged for him by an attorney at law. The record further shows that Casey is interested in sustaining the verdict and the judgment refusing a new trial. It follows that the failure to make him a party to the bill of exceptions and to serve him therewith requires its dismissal upon motion of the defendant in error.　　　*Writ of error dismissed. All the Justices concur.*