WALKER *el al.,* trustees, *v.* FUL-KALB INC.

. No. 10902.   DECEMBER 14, 1935.   REHEARING DENIED JANUARY 18, 1936.

*James L. & Will G. Moore,* for plaintiffs.

*George G. Finch,* for defendant.

GILBERT, Justice. ■ The motion to dismiss the writ of error is on the ground that all parties in the case before the trial court as defendants and interested in sustaining the judgment therein have not been named as defendants in error, and have not been served with a copy of the bill of exceptions or waived service of the same. In passing upon the motion it is necessary to note that in a cross-petition the parties do not necessarily include all that were named in the main suit. In the petition brought by the trustees of the church, which is detailed in the first part of the statement of the case, petitioners named as defendant Georgia Construction and Loan Company, for the obvious reason that that company held a fi. fa. which had been issued pursuant to the judgment obtained by H. C. Holbrook in the suit on the note hereinbefore mentioned, and might be said (though it is not necessary so to decide in this phase of the proceedings) to be interested in sustaining the judgment in the main suit. H. C. Holbrook was evidently named as a defendant because the judgment had been obtained by him, and Ful-Kalb Inc. was named because that corporation was the purchaser from Holbrook of his bid at the sale of the property of the church and was the grantee in the deed executed by J. M. George, marshal, who also was named as a defendant. But the present case differs from the main suit as to parties, notwithstanding that it is ancillary thereto and brought by one of the defendants by means of a cross-petition. Under the old practice it was necessary that a defendant, if he desired to bring what is now a cross-petition, file a separate suit; whereas

now he may file his cross-petition and have it heard at the same time as the main suit. In the proceeding brought by the trustees the judge denied the interlocutory injunction sought by the petitioners, and at a later date another judge granted the interlocutory injunction sought by Ful-Kalb Inc. on the cross-petition. In the latter, only Ful-Kalb Inc. of the defendants was the petitioner, and it named as defendant only the trustees of the church. No other parties intervened. None were made parties by order of the court. Hence the rule that all *parties* interested in sustaining the judgment of the court below should be made parties in the bill of exceptions and be served can have no application, in the case now before this court, to Georgia Construction and Loan Company, H. C. Holbrook, or J. M. George, the marshal. "The rule that all persons interested in sustaining the judgment complained of must be made parties to the bill of exceptions can not apply to a person not a party to the case in the trial court." *Chason* v. *Anderson,* 119 *Ga.* 495 (46 S. E. 629) ; *Continental Trust Co.* v. *Sabine Basket Co.,* 165 *Ga.* 591, 594 (141 S. E. 664) ; *Rowe* v. *Mobley,* 166 *Ga.* 726 (144 S. E. 211). What might be said to be a special provision in certain cases, as to service of a copy of the bill of exceptions, is the provision in the Code of 1933, § 6-916, as follows: "In cases of interpleader or otherwise, where the real contestant is not the opposite party on the record, notice shall be given to such real contestant in addition to the copy served as above." Few cases have been before this court in which this section was involved, although the subject-matter was dealt with in *Simpson* v. *Mathis,* 74 *Ga.* 115, 118, and in *Carter* v. *State,* 180 *Ga.* 578 (180 S. E. 110). Certainly Holbrook can not be said to be a real contestant. In the injunction granted to Ful-Kalb Inc. he is not benefited in any way, and if it had not been obtained he is in no wise affected. He is not interested in sustaining the judgment, because he has sold his bid on the property without any warranty of title; and in the event of a reversal here, Ful-Kalb Inc. would have no recourse on him. He has sold his execution to Georgia Construction and Loan Company without recourse, and that company can make no demand upon him. As to Georgia Construction and Loan Company, the record contains an acknowledgment of service, as follows: "Due and legal notice and service received. Copy acknowledged. This the 19th of May, 1935, Geo. G. Finch, Atty. for Ful-Kalb Inc. & Ga. Con. & Loan Co." If

that company had an interest, not being a party, the acknowledgment of service would be a compliance with the Code, § 6-916. Obviously J. M. George, marshal, is not a real contestant. In executing the deed to Ful-Kalb Inc., he acted only as the agent of the defendant in fi. fa., and is not at all interested in sustaining the judgment. It necessarily follows that all requisites have been met by the plaintiff in error; and the motion to dismiss is denied.

■ ■ ■ ■ Whatever right to an injunction existed in favor of Ful-Kalb Inc. was necessarily by reason of the title, if any, which it held by virtue of the deed executed to it by the marshal of the municipal court of Atlanta. It does not allege that it had any other right to the use of the property. If, therefore, the judgment was void, as claimed by the trustees, the grantee in the deed acquired no rights as against the trustees. It appears from the undisputed evidence that "St. Luke Baptist Church" was an unincorporated and unregistered religious society or organization which was using certain property, the title to which was held by the trustees in their name. In evidence was a deed to the predecessors of the present trustees; also, an affidavit that the present trustees were duly and regularly elected and had been in continuous possession of the property, notwithstanding certain interference on the part of Ful-Kalb Inc. through its president. Has anything been done in the proceedings hereinbefore detailed to divest that title? We think not. The suit on the note was against "St. Luke's Baptist Church, an organization of certain persons among whom are Thomas Hill and Otis Dubose," and against "Legree Franklin, Thomas Hill, R. L. Rutherford, John Henderson, H. A. Smith, and Eugene Dooley." Plainly, only two were named as members of the church, and there was no allegation that they constituted the entire membership or even a majority thereof. The petition was served on "St. Luke's Baptist Church, a corporation, by leaving a copy of the within action and summons with Thomas Hill, its agent," and was also served on the other individuals. That is not such service as will bind the legal holders of the title to the church property, and it is not purported service on even a majority of the membership. Thomas Hill testified by affidavit that, though a member of the church, he was not an agent of the church or of the trustees thereof. There was no evidence to the contrary. The only answer filed in the suit was as follows: "Now

come the defendants, and each of them, to wit," and then follow the names of the five individuals named in the petition. None professed to answer for the trustees of the church. A judgment was obtained against the church and all of the individual defendants. The property was levied on as the property of the church, and subsequently a deed was made to Ful-Kalb Inc. by the marshal. In our opinion the suit was a nullity as to the trustees of the church. Hence, no rights flowed from the judgment to anybody as against them. It is, of course, provided in the Code of 1933, § 22-401, that schools, churches, etc., may be incorporated. It is also provided in § 22-414 that "When any such society shall have entered its name, style, and objects as required by law, it may defend and be defended, and shall then be entitled to all the benefits of sections 22-409 to 22-411." It is not contended that the church, as such, had qualified for corporate rights and liabilities under either of these sections. It necessarily follows, under repeated decisions of this court, that, being neither a corporation nor a person, it can not be sued. As was said in *Wilkins* v. *Wardens of St. Mark's Protestant Episcopal Church*, 52 *Ga.* 351: "A religious society, which is not incorporated according to law, or which has not recorded its name and objects, as provided by section 2347, . . can not be sued as such. Its members are liable on its contracts as joint promisors or partners." See also *Thurmond* v. *Cedar Spring Baptist Church*, 110 *Ga.* 816 (36 S. E. 221); *Mutual Life Insurance Co.* v. *Inman Park Presbyterian Church*, 111 *Ga.* 677 (36 S. E. 880); *Wynn* v. *Richard Allen Lodge*, 115 *Ga.* 796 (42 S. E. 29).

In the *Wilkins* case, supra, the court said: "It is not pretended that the members of this society, at the date of the commencement of the suit, are the persons, all of them, who were members at the time of the contract. The whole scope of the proof and the form of the suit is against the society as such. . . The suit does not even go against the parties as joint contractors, but against the society, as such, by its name, represented by its officers. . . We are clear that this action, so far as it is a suit against the society, as such, can not be sustained. Had its members *all been served* they might be charged as joint promissors, contracting through an agent, or as partners, contracting in a firm name. But this is a suit against the church, as an entity, and the service is upon the

officers. . . Without question, if the *individuals joined in this suit and served* have, for a consideration, such as the waiver of the mechanic's lien, promised jointly to pay this debt, *they* are liable for it. . . Our law furnishes so simple a method by which societies such as these may be incorporated and acquire the right to contract, have succession, etc., and it is so easy for any one to know what is the truth of the case, that if men will make business transactions of the character disclosed by this record, they must take the consequences." · (Italics ours.) Not all of the members of St. Luke's Baptist Church were sued as such. Only five were sued, and they in their individual capacity. Consequently it can not be said that the suit, aside from that against the church by name, was a suit against all of the members and could bind the church property by a judgment. Minorities of a church membership can not act for the church. The majority of the members, in case of disagreement, represent the church. Code of 1933, § 22-406. See also *Beckwith* v. *McBride,* 70 *Ga.* 642 (3); *Macon & Atlantic Railway Co.* v. *Riggs,* 87 *Ga.* 158 (2) (13 S. E. 312); *Everett* v. *Jennings,* 137 *Ga.* 253 (3) (73 S. E. 375); *Tucker* v. *Paulk,* 148 *Ga.* 228 (96 S. E. 339). In *Beckwith* v. *McBride,* supra, it was said: "This verdict should have been set aside, because there was no evidence to support it. There was nothing in this record to show that the trustee, either personally or through his authorized agents, ever ordered or received these goods in question, or that the congregation or parish of St. Luke's did so, or that they were furnished for the use of the trust estate, which consisted entirely of the lot in question. It is shown, however, that certain members of the vestry of St. Luke's parish made the purchase and had the gas fittings put in the church edifice placed upon the land held in trust, and that they supposed they had authority as a vestry to do so; but these members of the vestry did not constitute that entire body. There was no authority shown from the vestry, as a body, to make this purchase and bind the property held in trust for the use of the congregation and parish; and even if this had been done, it does not appear that the vestry was the agent authorized to act, either for the trustee or congregation or parish. If they had such authority, it should have been shown. The failure to show it authorizes the presumption that it did not exist." The case from which we have quoted and the others just above cited

control, in principle, the question as to whether or not the church property in the present case could be bound by a contract made by five of its members as individuals when no authority is shown for their act, and is a sufficient answer to what is meant by the statement in the cases that an unincorporated church might be bound by a suit against its members as partners. There was no claim that the individuals represented the entire membership or that they had authority to contract for it; and hence it must follow that the judgment obtained by Holbrook reached only the particular individuals sued. The judgment being void as against the trustees and the church, it could be attacked by them whenever and wherever asserted. "The judgment of a court having no jurisdiction of the person or subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." Code of 1933, § 110-709. "A void judgment may be attacked in any court and by any person." § 110-701.

Ful-Kalb Inc., however, claimed that the attorney who answered for the named defendants in the suit by Holbrook represented the church, and introduced in evidence his affidavit, the substantial portions of which are as follows: "That in the case of H. C. Holbrook vs. The St. Luke Baptist Church et al., Muncipal Court of Atlanta, No. 312452, deponent was attorney at law of record for the said St. Luke Baptist Church, a religious, unincorporated society, and Legree Franklin, Thomas Hill, R. L. Rutherford, John Henderson, and H. A. Smith. Deponent further states that he tried said case, representing the Saint Luke's Baptist Church . . Deponent further states that Thomas Hill, one of the trustees of said unincorporated religious society, was also an indorser and a trustee of said church, and that said unincorporated religious society was served by serving Thomas Hill with a copy of the petition and process." The affidavit was admitted over the objection of the trustees, and error is assigned on that ruling. Even assuming that it was admissible for anything it might be worth, the evidence demanded a finding that in representing "St. Luke Baptist Church" he represented nothing but a name. The minutes showed that Thomas Hill, whom he alleged to be a trustee, was not in fact an officer. By serving him with a copy of the petition and process, no service was made upon the trustees or upon the member-

ship. Nor was any defect in the suit against "St. Luke Baptist Church" cured by verdict. It was held in *Haynes* v. *Armour Fertilizer Works,* 146 *Ga.* 832 (92 S. E. 648), that where the plaintiff in a suit is a corporation, and the petition fails to allege that it is a legal entity, the defect may be cured by an amendment alleging its corporate character; and further, that when such a suit proceeds to verdict and judgment without amendment, the defect is cured and the judgment is binding on all of the parties and their privies. That decision, however, can not be said to be authority for holding in the present case that the suit against St. Luke Baptist Church was cured by verdict. In the former, a real entity existed, but the petition failed to so allege. In the present case no entity existed, and no amendment alleging that St. Luke Baptist Church was a corporation could speak the truth, and the verdict would not cure the lack of a real defendant. In fact, a suit against an unincorporated church as such is not amendable, as there is nothing to amend by. *Mutual Life Insurance Co.* v. *Inman Park Presbyterian Church,* supra. Where one sues a minority of the members of a church individually on a note signed by them as individuals, a judgment so obtained would not bind the church property on the ground that the suit could have been amended by alleging that the members are sued as copartners, and especially in this case where the minority members were not authorized to act for the church or to bind the church property. We know of no theory under which Ful-Kalb Inc. obtained any rights as against the trustees, or the membership of the church, so as to bind the church property, under a deed pursuant to a judgment which was void as to the trustees and the membership of the church. The court erred in granting the injunction. *Judgment reversed. All the Justices concur.*