FUL-KALB INC. *v.* WALKER *et al.*, trustees.

No. 11479. NOVEMBER 25, 1936.

*George G. Finch,* for plaintiff in error.
*James L. & Will G. Moore,* contra.

ATKINSON, Justice. This case was formerly before this court (*Walker* v. *Ful-Kalb Inc.*, 181 *Ga.* 563, 183 S. E. 776), to which report reference is made for a full statement of the pleadings and the evidence. Howard Walker, Charles Stile, and Walker Thomas, as trustees of St. Luke Baptist Church, brought suit in the superior court of Fulton County against Ful-Kalb Inc., for injunction, and to have set aside, as a cloud upon their title, a deed to the property in controversy, executed and delivered to the latter after a levy on and sale of the property, pursuant to a judgment obtained in the municipal court of Atlanta, on a note which was signed "St. Luke Baptist Church," and also by "R. L. Rutherford, Legree Franklin, Thomas Hill, H. A. Smith, and John Henry Henderson," who were members of said church. Ful-Kalb Inc. filed an answer and cross-petition, in which an injunction was sought against the trustees and the members of the organization which they purported to represent, to restrain them from trespassing upon the property in controversy, and for damages for alleged trespasses. The judgment of the superior court in granting the defendant's cross-petition for injunction was reversed by this court (*Walker* v. *Ful-Kalb Inc.*, supra), and it was held that the judgment on the note executed by the unincorporated church and a minority of the members thereof sued in their individual capacity was void as against the church or the trustees thereof, and therefore that the execution sale of the church property under that judgment was invalid, so that the transferee of the purchaser at the execution sale was not entitled to enjoin alleged trespasses on such property, although the judgment on the note had not been set aside. On the trial it was shown by the evidence that title to the property in question was held by the above-named trustees who were successors, as shown by the minutes of the church, to former trustees to whom the property had originally been conveyed. It was shown by the evidence that "St. Luke Baptist Church" was the name of an unincorporated and unregistered religious society, and it was held by this court that the suit on the note did not name a defendant binding on the church, the name "St. Luke Baptist Church" being no legal entity; and that as the trustees had not been served and had not appeared in court and defended the suit, the judgment in the suit on the note was void as to them. After the case was remanded for a new trial, the defendants filed

an amendment to their cross-petition, setting up that the five individual members of the church who had signed the note on which the judgment had been obtained in the municipal court of Atlanta were in fact trustees of the church, and that they had been authorized to act for the church, and therefore that service on them was good as against the church property. The plaintiff filed a demurrer on the grounds that the amendment did not set forth any legal defense; that all questions raised by the amendment had been ruled on by this court adversely to the defendant; that the amendment sought to amend the suit which had become res adjudicata between the parties as to all matters pleaded or which could have been pleaded; that it was an attempt to amend a suit on a note under seal, that the amendment purported to amend a judgment and execution against individuals, by making them against said individuals in a representative capacity as trustees, which could not be done, since the judgment rendered was in accordance with the suit and can not be amended at all, and certainly not by way of an answer to suit for injunction and cancellation. The special demurrers need not be stated, because the amendment was struck on general demurrer. The court sustained the general demurrer, and exceptions pendente lite were preserved by the defendant. When the case came on for a hearing, the court directed a verdict in favor of the petitioners. Error is assigned on the judgment of the court in sustaining the demurrer to the amendment and in directing the verdict for the petitioners.

It is contended by the plaintiff in error, that, had the amendment been allowed, "an entirely different case would have been made from the case as it was when decided by this court on the former appearance," and the brief then states: "It thus is made to appear by the amendment that the proper parties were named and served in the municipal court of Atlanta to bind the church assets. It now appears from the record that the parties served were in fact the trustees and authorized to act on behalf of the church membership. While it is true that it was not alleged in the original suit in the municipal court of Atlanta that the persons served were in fact the trustees, under Code 1933, § 81-1308, this is an amendable defect, and the defect is cured by this verdict and judgment. Had the amendment been made pursuant to the last-quoted Code section, the judgment would have been good and

bound the church property, and now by the same token, when it is thus made to appear that the persons named were in fact the trustees and authorized to act on and behalf of the church membership, the judgment rendered, and the subsequent sale of the property by the marshal are valid." The Code, § 81-1308, provides: "In an action by or against an executor, administrator, or other representative, the petition may be amended by striking out the representative character of such plaintiff or defendant. In an action by or against an individual, the pleadings may be amended by inserting his representative character." That section states a well-settled principle of law. It can, however, be applied only where an amendment can be allowed under the law. It must be remembered that the suit in the municipal court, wherein the verdict and judgment were rendered, was based on a note. It made as defendants, and sought judgment against, the makers of the note. The verdict and judgment followed the pleadings. The record before us indicates that the persons who signed the note, in addition to the church, bound themselves as individuals. If, as now stated, they were in fact trustees of the church, duly authorized to contract the debt, they could have signed the note as such trustees, and thus bound the church property. Had they so signed, and had they been sued as individuals, the petition could have been amended while that suit was pending, so that it would proceed against them in their representative capacity. The Code section so provides. That, however, is not this case. Here the makers of the note did not elect to sign as trustees, and therefore did not bind the church property by the note. That being so, the petition in the suit on the note was not amendable by making it a suit against them as trustees. To do so would be to make a new note. That is true because the note itself shows that such an amendment would not speak the truth. Not being so amendable, the defect in the petition was not cured by verdict. We do not decide, and could not in this proceeding, but it may be conceded for the purpose of the present discussion, that the persons signing the note were in fact trustees, that they bought materials for the church members, and that the latter received the benefit of such contract. It may be conceded also that a proper suit in a court of equity might be so framed as to subject the church property to the debt. Nevertheless, the holder of the note

brought suit in the municipal court, which possesses no jurisdiction to afford affirmative equitable relief. The judgment as it stands can not be enforced against the church property. It necessarily follows that the court did not err in refusing to allow the proffered amendment.

*Judgment affirmed. All the Justices concur.*