## 42632. SWITZERLAND GENERAL INSURANCE
## COMPANY v. CONOWAY, Trustee, et al.

DEEN, Judge. 1. Deeds of conveyance to trustees or other persons for the use of a church or religious society vest the interest conveyed to be held in the church or its trustees for its use according to the mode of church government or rules of discipline exercised by such churches or religious societies respectively, the trustees being subject to the authority of such church or society according to the rules of discipline by which it may be governed. *Code* §§ 22-409, 22-410. The general rule is that "a trustee of church property ordinarily has no power to convey the trust estate unless such power is conferred by the instrument creating the trust, or under an order of court in a proper proceeding, or where duly authorized by the organic law of the religious society." Turbeville v. Morris, 203 S.C. 287, 296 (26 SE2d 821). See also *Nelson v. Solomon,* 112 Ga. 188 (3) (37 SE 404).

2. It follows that where certain property comprised of land and a church building was deeded by the Georgia-Alabama Synod of the United Lutheran Church of America to named persons and their successors in office as the Council of the Zion Evangelical Lutheran Church, the property was that of the church, an unincorporated religious society, subject to be administered by the council according to the rules of the church and applicable statute law. The Constitution and bylaws of the church give the council the right to "see to it that . . . the property of the congregation be cared for, and . . . administered" but no power to sell. The general rule is that a trustee to whom no power of sale is given in the deed may not sell without either an order of court or the consent of the beneficiaries. *Burwell v. Farmers & Merchants Bank,* 119 Ga. 633 (46 SE 885); *Macon &c. R. Co. v. Riggs,* 87 Ga. 158 (13 SE 312).

The constitution of this church, a copy of which was admitted into evidence as shown on page 112 of the transcript of record, not only makes no provision for the disposition of church property by the council in whom its care is vested but particularly retains this power to the congregation by providing (Article VI): "At *congregational meetings* all matters concerning the welfare of the congregation may be determined, including . . . the purchase, *disposal* or alteration of the

property of the church." Indubitably; no sale of church property could be effective without either authorization or ratification on the part of the congregation.

3. It is undisputed that the transaction above described took place, without any authorization by the church membership as a whole, at 7:30 on a Saturday morning; that the building burned to the ground about 2:30 p.m. on the same day, and that on the following morning the council, without ever submitting the question to the membership, voted to return the purchase price and annul the sale, all of which was done without informing the congregation either of the attempted sale or the rescission. Under these facts the sale was never completed. The church retained legal title to the property at the time it burned and was entitled to collect the insurance on the building. The trial court did not err in directing a verdict against the appellant insurer.

4. Since the verdict was demanded by the evidence and was not in any way affected by the other alleged errors in the case, the remaining enumerations of error are not considered.

*Judgment affirmed. Frankum, P. J., and Quillian, J., concur.*

Argued March 8, 1967—Decided April 5, 1967.

*Richardson, Doremus & Karsman, Stanley Karsman,* for appellant.

*Z. Vance Dasher, George W. Fetzer,* for appellees.